**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| METRO FUEL OIL CORP., *et al.,* [1] | Case Nos.  12-46913 (ESS) |
| | 12-46914 (ESS) |
| | 12-46915 (ESS) |
| | 12-46916 (ESS) |
| | 12-49617 (ESS) |
| | 12-46918 (ESS) |
| | 12-46919 (ESS) |
| | 12-46920 (ESS) |
| | 12-46921 (ESS) |
| | 12-46922 (ESS) |
| Debtors. | Jointly Administered |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Metro Fuel Oil Corp**

**Case No: 12-46913**

---

1    The Debtors are Metro Fuel Oil Corp., Apollo Petroleum Transport, Inc., Apollo Petroleum Transport, LLC, Apollo Pipeline, LLC, Kings Land Realty, Inc., Metro Biofuels, LLC, Metro Energy Group LLC, Metro Plumbing Services Corp., Metro Terminals Corp. and Metro Terminals of Long Island, LLC.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re: **Metro Fuel Oil Corp**

Case No.   **12-46913**

Chapter   **11**

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

### AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 20 | $19,646,033 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 4 | | $58,724,451 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS (Total of claims on Schedule E) | YES | 5 | | $3,462 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 14 | | $10,617,330 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 9 | | | |
| H - CODEBTORS | YES | 2 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 55 | | | |

Total Assets >   **$19,646,033**

Total Liabilities >   **$69,345,243**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Introduction

On September 27, 2012 (the "Petition Date"), Metro Fuel Oil Corp., Metro Terminals Corp., Metro Terminals of Long Island, LLC, Metro Biofuels, LLC, Metro Energy Group, LLC, Metro Plumbing Services Corp., Apollo Petroleum Transport, LLC, Kings Land Realty, Inc., Apollo Pipeline, LLC and Apollo Petroleum Transport, Inc. (collectively, "Metro" or "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Metro continues to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On the date hereof, Metro, with the assistance of their management and advisors, filed the Schedules of Assets and Liabilities (collectively, "Schedules") and the Statement of Financial Affairs (collectively, "Statements," and, together with the Schedules, "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. Mr. Thomas Studebaker, Chief Financial Officer, executed the Schedules and Statements in his capacity as an authorized signatory. Mr. Thomas Studebaker has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

In addition, while Metro's management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible based on the information that was available at the time of preparation (i) additional information, or subsequent discovery thereof, may result in material changes to these Schedules and Statements, and (ii) inadvertent errors or omissions may exist. Furthermore, because the Schedules and Statements contain unaudited financial information that is subject to further review and potential adjustment, there can be no assurance that the Schedules and Statements are complete. Accordingly, Metro reserves all rights to amend, supplement, or otherwise modify the Schedules and Statements to the extent that it is necessary and appropriate. Metro shall not be required, however, to update the Schedules and Statements.

### Global Notes and Overview of Methodology

These General Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements ("Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements. These Global Notes are in addition to the specific notes contained in Metro's Schedules and Statements. The fact that certain Global Notes may apply to only particular Schedules or Statements does not exclude the applicability of such Global Note to any or all of Metro's remaining Schedules or Statements, as appropriate. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Accounts Receivable

The accounts receivable information included in the Schedules and Statements is as of August 31, 2012 and has been listed net of reserves.

### Amendment

Although reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, Metro reserves all rights to amend and/or supplement the Schedules and Statements as it deems necessary and appropriate.

### Cash Management

The Debtors use a consolidated cash management system through which the Debtors collect substantially all receipts and pay liabilities and expenses.

### Causes of Action

Despite reasonable efforts, Metro may have inadvertently failed to identify and/or set forth as assets all of its filed or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes not the Schedules and Statements shall be deemed a waiver of any Causes of Action or in any way prejudice or impair the assertion of such Causes of Action.

### Claims Designations and Claims of Third-Party Related Entities

Although Metro has made every effort to classify properly each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to reconcile fully all payments made to certain third parties and their related entities on account of the Debtors' obligations to such entities and their affiliates. Accordingly, any failure of Metro to designate a claim identified on the Schedules and Statements as "disputed"; "contingent"; or "unliquidated" does not constitute an admission by Metro that such amount is not "disputed"; "contingent"; or "unliquidated." Indeed, Metro reserves the right to dispute, or assert offsets or defenses to, any claim reflected on the Schedules or Statements on any grounds whatsoever, including amount, liability, or classification, or to otherwise subsequently designate such claims as "disputed"; "contingent"; or "unliquidated." Identification of a claim on the Schedules and Statements shall not constitute an admission of liability by Metro.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

---

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Classifications

Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such claims or contracts or to setoff against any such Claims.

### Confidentiality

In certain circumstances certain information has been intentionally omitted or revised due to concerns about the confidential or commercially sensitive nature of such information or for privacy of individuals. The revisions or omissions will be limited to only what is necessary the Debtors or third-parties and will provide interested parties with sufficient information.

### Employees

The Debtors employ approximately 130 employees as of the petition date. The Bankruptcy Court entered "first-day" interim orders granting authority to the Debtors to pay pre-petition employee wages, salaries, severance, benefits or other obligations in the ordinary course of their businesses. Accordingly, the Schedules and Statements do not include claims that the Debtors have paid or otherwise resolved or satisfied pursuant to such "first-day" orders. In addition, the Debtors may take certain actions that lead to employee-related claims. Such potential claims are not included in the Schedules and Statements. Furthermore, the Debtors have omitted from their response to Statement Question 3.b. ordinary course payments made to employees within 90 days of the Petition Date.

### Estimates

To close the books and records of the Debtors as of the Petition Date, the Debtors' management was required to make estimates, allocations or assumptions that affect the amounts of assets and liabilities as of September 27, 2012 and reported revenue and expenses for the period ending [August 31, 2012].

### Excluded Assets and Liabilities

Metro has excluded certain assets from the Schedules and Statements, including goodwill, customer relationships, and assets with a net book value of zero. Metro has excluded certain liabilities from the Schedules and Statements, including accrued salaries and employee benefits, tax accruals, letters of credit and other accrued liabilities. The Debtors have also excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected; to the extent such damage claims may at some point arise. Liabilities resulting from non-specific accruals and/or estimates of long-term liabilities that are not payable at this time given that they (i) have not been approved for payment in accordance with Metro's normal procedures or (ii) have not yet been reported and, therefore, do not represent specific claims as of the Petition Date, have been excluded from the Schedules and Statements. Other de minimis or otherwise immaterial assets and liabilities may also have been excluded.

### Financial Reporting

The Debtors are privately-held companies. The Schedules and Statements identify Metro's stand-alone assets and liabilities and were not prepared in accordance with generally accepted accounting principles ("GAAP").

### Fiscal Year

The fiscal year for Metro Fuel Oil Corp, Metro Terminals Corp and Metro Terminals of Long Island, LLC covers the period July 1 through June 30. For all other entities, the fiscal year covers the period January 1 through December 31.

### Foreign Currency

All amounts are reflected in U.S. Dollars ("USD").

### Guarantees and Other Secondary Liability Claims

Metro has used its best efforts to locate and identify guarantee obligations and other secondary liability claims related to each of its executory contracts, unexpired leases, secured financings, debt instruments, and other agreements (collectively, the "Guarantees"). Where such Guarantees have been identified, they have been included in the Schedules.

### Insiders

For purposes of the Schedules and Statements, the term "insiders" is defined pursuant to section 101(31) of the Bankruptcy Code as: (i) directors; (ii) officers; (iii) shareholders holding in excess of 5% of the voting shares; and (iv) relatives of directors, officers, or shareholders of Metro (to the extent known by Metro).

Persons listed as "insiders" have been included for informational purposes only. Metro does not take any position with respect to: (i) such person's influence over the control of Metro; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including the Bankruptcy Code or federal securities laws, or with respect to any theories of liability or for any other purpose.

**Metro Fuel Oil Corp**
**Case Number: 12-46913**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Intellectual Property Rights

Any exclusion of Metro's intellectual property shall not be construed as an admission by Metro that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights shall not be construed as an admission by Metro that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, Metro reserves any and all of its rights with respect to the legal status of any and all of its intellectual property.

### Intercompany Claims

Receivables and payables among Metro and its affiliates (each an "Intercompany Receivable" or "Intercompany Payable" and collectively, the "Intercompany Claims") are included in the Schedules to the extent they are not duplicative of other listed amounts.

The Debtors routinely engaged in intercompany transactions among the Debtors resulting in intercompany accounts payable and accounts receivable. The Debtors have listed the intercompany information for each debtor on Schedule B and Schedule F, as applicable. Summary schedules do not include receivables or payables related to intercompany transactions.

### Inventories, Property and Equipment

Inventories referenced in the Schedules and Statements are stated at current cost. Property and equipment referenced in the Schedules and Statements is stated at cost, net of accumulated depreciation. All inventories, as well as all property and equipment, are presented without consideration of any potential liens.

### Leases and Contracts

The Debtors have not included in the Schedules and Statements any future obligations on any leases. To the extent that there was an amount due as of the Petition Date, the creditor has been included in Schedule F. Unless otherwise stated, all lease agreements have been included in Schedule G.

The business of the Debtors is complex. While commercially-reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. In compiling Schedule G, the Debtors categorized contracts by the type for ease of reference only and do not intend such categorization to denote any significance.

The Debtors have attempted to provide complete lists of all agreements that might be considered to be executory contracts. The Debtors are continuing to review their records and may supplement their Schedules and Statements to the extent necessary. The Debtors hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, or to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired, or been terminated, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, or agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Schedule G generally does not include stand-alone equipment purchase orders. Schedule G does not include agreements that the Debtors have entered into with certain of their advisors.

### Liabilities

Metro allocated liabilities between the prepetition and postpetition periods based on the information available and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, Metro's allocation of liabilities between the pre-petition and post-petition periods may change. The liability information, except where otherwise noted, is listed as of the close of business on September 26, 2012. Accordingly, Metro reserves all rights to amend, supplement or otherwise modify the Schedules and Statements as necessary and appropriate. In addition, the liabilities listed on the Schedules do not reflect any analysis conducted by Metro regarding potential claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, Metro reserves any and all of its rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code or otherwise. The Debtors shall not, however, be required to update the Schedules and Statements.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Net Book Value of Assets

It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources for the Debtors to obtain current market valuations of all of its assets. Accordingly, unless otherwise indicated, the values for assets contained in the Schedules and Statements are net book values as of August 31, 2012. Consequently, amounts ultimately realized from the disposition of the Debtors' assets may materially vary from the stated net book value. Additionally, because the book values of patents, trademarks, and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have been fully depreciated or were expensed by the Debtors for accounting purposes do not appear in the Schedules and Statements because they have no net book value. Certain of the Debtors' assets are listed in the Schedules and Statements with undetermined values as of the Petition Date because the net book values of these assets may materially differ from fair market values. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets as recorded on Metro's books as of August 31, 2012, and are not based upon any estimate of their current market value.

### Paid Claims

Pursuant to certain interim orders entered by the Bankruptcy Court, Metro has been authorized to pay certain outstanding prepetition obligations. Accordingly, certain outstanding prepetition liabilities may have been reduced by payments made by the Debtors after the Petition Date. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payment for any such liabilities.

### Recharacterization

Metro has made reasonable efforts to characterize, classify, categorize, and/or designate correctly the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of Metro's business, Metro may have improperly characterized, classified, categorized, or designated certain items. Thus, Metro reserves the right to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as additional information becomes available, including whether contracts listed in the Schedules and Statements were executory as of the Petition Date or remain executory post petition.

### Reservation of Rights

Nothing contained in the Schedules and Statements shall constitute a waiver of Metro's rights or an admission with respect to their Chapter 11 cases, including with respect to any issues involving substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws. All rights to object to any claims of any parties with claims listed on the Schedules are reserved.

### Secured Claims

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserves their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including, without limitation, any inter-company agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary, do not constitute an admission and are not dispositive for any purpose. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any lien. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be an admission, modification, or interpretation of or relating to such agreements.

### Setoffs

The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

### Taxes

Schedule E includes claims to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to ongoing audits, and the Debtors are otherwise unable to determine with certainty the amount of some, if not all, of the claims listed on Schedule E. Therefore, the Debtors have listed all such claims as unliquidated, pending final resolution and liquidation of such claims, including for ongoing audits or other outstanding issues. The Debtors reserve their right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under the Bankruptcy Code.

### Totals

All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown , unliquidated or undetermined amounts, the actual total may differ from the total in the Schedules and Statements.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF NEW YORK

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Undetermined Amounts

The description of an amount as "unknown" or "undetermined" is not intended to reflect the materiality of such amount.

### Workers Compensation

Workers' compensation claims generally have been excluded from the Schedules and Statements because the Debtors are performing their obligations as required by law and in accordance with applicable court orders.

# UNITED STATES BANKRUPTCY COURT

## Eastern District of New York

### SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☑  Check this box if debtor has no real property to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|
|  |  |  |  |

# UNITED STATES BANKRUPTCY COURT

## Eastern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | | See Attached Schedule B-1 | $400 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | See Attached Schedule B-2 | $420,957 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | See Attached Schedule B-3 | $2,051 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | | See Attached Schedule B-9 | Undetermined |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plants. | X | | |
| 13.  Stock and interests in incorporated and unincorporated business.  Itemize. | | See Attached Schedule B-13 | Undetermined |
| 14.  Interests in partnerships or joint ventures.  Itemize. | X | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16.  Accounts receivable. | | See Attached Schedule B-16 | $18,701,222 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | |
| 18.  Other liquidated debts owing debtor including tax refunds. Give particulars. | | See Attached Schedule B-18 | See Exhibit |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

# UNITED STATES BANKRUPTCY COURT

## Eastern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | See Attached Schedule B-21 | Undetermined |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | | See Attached Schedule B-22 | Undetermined |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | | See Attached Schedule B-23 | Undetermined |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | See Attached Schedule B-24 | Undetermined |

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | See Attached Schedule B-25 | $8,079 |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | | See Attached Schedule B-28 | $105,368 |
| 29. Machinery, fixtures, equipments, and supplies used in business. | | See Attached Schedule B-29 | $124,491 |
| 30. Inventory | | See Attached Schedule B-30 | $139,538 |
| 31. Animals | X | | |
| 32. Crops - growing or harvested. Give particulars | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | | See Attached Schedule B-35 | $143,928 |

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

**Exhibit  B-1**
**Cash on hand**

| Type of Cash & Location | Description | Net Book Value |
|---|---|---|
| CASH ON HAND | PETTY CASH | $400 |
| | | **$400** |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit  B-2**

**Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives**

| Bank Name | Account Description | Address | Balance |
|---|---|---|---|
| NEW YORK COMMERCIAL BANK | OPERATING ACCOUNT [1] | 615 MERRICK AVENUE WESTBURY, NY 11590 | $11,493 |
| NEW YORK COMMERCIAL BANK | PAYROLL ACCOUNT [1] | 615 MERRICK AVENUE WESTBURY, NY 11590 | $0 |
| ROSENTHAL COLLINS GROUP | FUTURES BROKERAGE ACCOUNT | 2 WORLD FINANCIAL CENTER 225 LIBERTY, SUITE 4302 NEW YORK, NY 10281 | $84,686 |
| TD BANK N.A. | UTILITY DEPOSIT ACCOUNT | 216-10 NORTHERN BOULEVARD BAYSIDE, NY 11361 | $0 |
| TD BANK N.A. | SEGREGATED FUNDING ACCOUNT | 216-10 NORTHERN BOULEVARD BAYSIDE, NY 11361 | $0 |
| TD BANK N.A. | OPERATING ACCOUNT [2] | 216-10 NORTHERN BOULEVARD BAYSIDE, NY 11361 | $324,778 |
| TD BANK N.A. | PAYROLL ACCOUNT | 216-10 NORTHERN BOULEVARD BAYSIDE, NY 11361 | $0 |
| | | | **$420,957** |

**Specific Notes**

Amounts listed represent beginning bank balances as of the petition date.

The amounts contained in Schedule B that are related to collection, disbursement, concentration and other financial accounts are provided as of September 27, 2012. Zero-balance accounts are reported at zero dollars. Additional details with respect to the Debtors' cash management system and related bank accounts are located in the Interim Order Authorizing the Debtors to (I) Continue to Operate the Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms and (IV) Grant Administrative Claims and Perform Certain Intercompany Arrangements and Historical Practices. (ECF 36)

1. The accounts listed are no longer in use by the debtors.

2. Amount listed is net of certain wires initiated on September 26, 2012 which did not clear the bank until September 27, 2012.

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

**Exhibit  B-3**

**Security deposits with public utilities, telephone companies, landlords, and others**

| Description | Net Book Value |
|---|---:|
| DEPOSIT LEASE | $2,051 |
| | **$2,051** |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit B-9**

**Interests in insurance policies**

| Insurance Carrier | Policy Number | Policy Description |
|---|---|---|
| GENWORTH FINANCIAL | 6858340 | Life Insurance Policy On Paul Pullo |
| GENWORTH FINANCIAL | 6858341 | Life Insurance Policy On Gene Pullo |

# Organizational Chart of Metro Fuel Oil Corp. and its Debtor Affiliates

**Credit Agreement**
- *Revolver*: $31.8 million outstanding
    - Collateral: All personal property of Borrowers, Apollo Transport and Metro Energy (includes accounts receivable, inventory and intangibles)
- *First Mortgage Loan*: $4.2 million outstanding
    - Collateral: First mortgage on Lot 14 (value ~ $40 million)
- *Term Note*: $12.2 million outstanding
    - Collateral: Second mortgage on Lot 14
- *Guaranty*: Paul and Gene Pullo have provided an unsecured guaranty of the obligations under the Credit Agreement

**Project Financing – Biodiesel Facility**
- *IDA Bonds*: $9.1 million outstanding
    - Collateral: first mortgage on Biodiesel Facility
    - Guaranty: Metro Fuel, Metro Terminals, Metro Biofuels and Paul and Gene Pullo have provided an unsecured guaranty of the IDA Bonds
- *SeedCo Promissory Note*: $1.4 million outstanding

| Debtor Ownership | |
| --- | --- |
| **Metro Fuel Oil Corp.:** | Paul Pullo – 46% |
| | Gene Pullo – 46% |
| | Paul Pullo, Sr. – 8% |
| **Metro Plumbing Services Corp.:** | Paul Pullo – 50% |
| | John Jellen – 50% |
| **All Other Debtors**: | Paul Pullo – 50% |
| | Gene Pullo – 50% |



Borrowers under Credit Agreement →
- Metro Fuel Oil Corp.
- Metro Terminals of Long Island, LLC
- Metro Terminals Corp.

Guarantors under Credit Agreement →
- Apollo Petroleum Transport LLC
- Kings Land Realty, Inc.
- Metro Biofuels LLC
- Metro Energy Group LLC
- Metro Plumbing Services Corp.

Not Parties to Credit Agreement →
- Apollo Petroleum Transport Inc.
- Apollo Pipeline LLC

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit  B-16**
**Accounts receivable**

| Description | Net Book Value |
|---|---|
| ACCOUNTS RECEIVABLE | $18,701,222 |
| | **$18,701,222** |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit B-18**

**Other liquidated debts owed to debtor including tax refunds**

| Description | Net Book Value |
| --- | --- |
| Intercompany Receivable From Metro Terminals Corp | $10,328,441 |
| Intercompany Receivable From Metro Terminals of Long Island, LLC | $55,096 |
| Intercompany Receivable From Apollo Pipeline LLC | $5,052 |
| | $10,388,589 |

**Specific Notes**

The Debtors routinely engaged in intercompany transactions among the Debtors resulting in intercompany accounts payable and accounts receivable. The Debtors have listed the intercompany information for each debtor on Schedule B and Schedule F, as applicable. Summary amounts do not include receivables or payables related to intercompany transactions.

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

**Exhibit  B-21**

**Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims**

| Description | Net Book Value |
|---|---:|
| NEW YORK STATE - EXCISE TAX REFUNDS | Undetermined |
| NEW YORK STATE - PETROLEUM BUSINESS TAX REFUNDS | Undetermined |
| NEW YORK STATE - SALES TAX REFUNDS | Undetermined |
| | **Undetermined** |

**Specific Notes**

The Debtors reserve all rights with respect thereto to any claims pursuant to agreement or otherwise and failure to identify any specific contingent or unliquidated claim shall not be deemed a waiver of any claims, counterclaims or defenses. Nothing set forth herein shall be deemed an admission of liability with respect to any agreement or validity thereof and the Debtors reserve all rights, claims and defenses.

| Type | Patent/Trademark Name or Title | Application/Registration/Serial Number | Status |
|------|-------------------------------|----------------------------------------|--------|
| TRADEMARK | BIOMAX | 3486416 | REGISTERED |
| TRADEMARK | FUELING A SUSTAINABLE FUTURE | 4106116 | REGISTERED |
| TRADEMARK | GREENHEAT | 3490526 | REGISTERED |
| TRADEMARK | METRO BIOFUELS | 3898800 | REGISTERED |
| TRADEMARK | METRO YOUR GREEN ENERGY SOURCE | 3593204 | REGISTERED |
| TRADEMARK | METROMAX | 2006573 | REGISTERED |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit  B-23**

**Licenses, franchises, and other general intangibles**

| Description | Issuing Agency | Net Book Value |
|---|---|---|
| PERMIT | FIRE DEPARTMENT, CITY OF NEW YORK | Undetermined |
| OIL BURNING EQUIPMENT INSTALLER LICENSE | NYC DEPARTMENT OF BUILDINGS | Undetermined |
| DISTRIBUTOR OF MOTOR FUELS LICENSE | STATE OF NEW JERSEY DIVISION OF TAXATION | Undetermined |
| RESTRICTED PLUMBER LICENSE | SUFFOLK COUNTY DEPARTMENT OF CONSUMER AFFAIRS | Undetermined |

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

**Exhibit  B-24**
**Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family**

| Asset Description | Net Book Value |
|---|---|
| CUSTOMER LIST | Undetermined |
|  | **Undetermined** |

**Specific Notes**

Due to the highly sensitive and confidential nature of customer information, individual customer data is not listed.

**Metro Fuel Oil Corp**
**Case Number:  12-46913**

**Exhibit  B-25**
**Automobiles, trucks, trailers, and other vehicles and accessories**

| Asset Description | Net Book Value |
| --- | ---: |
| AUTOS AND TRUCKS | $8,079 |
| | **$8,079** |

**Metro Fuel Oil Corp**
**Case Number:  12-46913**

**Exhibit  B-28**
**Office equipment, furnishings, and supplies**

| Asset Description | Net Book Value |
|---|---|
| COMPUTER EQUIPMENT | $105,368 |
| | **$105,368** |

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

**Exhibit  B-29**

**Machinery, fixtures, equipment, and supplies used in business**

| Asset Description | Net Book Value |
|---|---|
| FUEL EQUIPMENT | $124,491 |
| | **$124,491** |

| Asset Description | Net Book Value |
|---|---|
| PARTS | $139,538 |
| | **$139,538** |

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

**Exhibit  B-35**
**Other personal property of any kind not already listed**

| Description | Net Book Value |
|---|---:|
| PREPAID EXPENSES | $15,102 |
| PREPAID INSURANCE | $33,139 |
| PREPAID TAXES | $95,687 |
| | **$143,928** |

# UNITED STATES BANKRUPTCY COURT

## Eastern District of New York

### SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.) Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C | U | D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY | NOTES |
|---|---|---|---|---|---|---|---|---|
| See Attached Schedule D-1 | | Secured Debt | ☑ | ☑ | ☐ | $58,724,451 | Undetermined | |
| See Attached Schedule D-2 | | UCC Liens | ☑ | ☑ | ☑ | Undetermined | Undetermined | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |

<u>3</u>          continuation sheets attached          **Total**          **$58,724,451**          **Undetermined**

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

## SPECIFIC NOTES REGARDING SCHEDULE D

**Creditors Holding Secured Claims**

Amounts listed herein are as of the Petition Date.

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to such creditor's claim. In certain instances, the Debtors may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. If the debtor is a guarantor with respect to a scheduled claim of another debtor, the claim will be labeled "Contingent." The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D. However, the Debtors reserves all of their rights to amend Schedule D in the future to the extent the Debtors determine that any claims associated with such agreements are property reported on Schedule D. The Debtors reserves all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed in Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including to argue that an agreement listed in Schedule G may be treated as a secured financing agreement, rather than an executory contract or unexpired lease. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract. Some of the Debtors' creditors may have filed mechanic or materialman's liens following the commencement of the Debtors' chapter 11 case. Some liens may, by virtue of section 546(b) of the Bankruptcy Code and applicable law, relate back to the period prior to the Petition Date. Any such liens that have been filed after the Petition Date are not listed on Schedule D.

To the extent that any landlords, real property and personal property lessors, utility companies, or other creditors hold a security deposit from any of the Debtors and to the extent that such deposits constitute secured claims, such deposits are not listed on Schedule D, except as specifically stated herein.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit D-1**

**Nature of Lien: Secured Debt**

| Creditor's Name and Mailing Address | Description | C | U | D | Amount of Claim Without Deducting Value Of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|
| NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY<br>110 WILLIAM STREET<br>NEW YORK, NY 10038 | INDUSTRIAL DEVELOPMENT REVENUE BONDS | ☑ | ☑ | ☐ | $9,075,000 | Undetermined |
| NEW YORK COMMERCIAL BANK<br>615 MERRICK AVENUE<br>WESTBURY, NY 11590 | TERM LOAN (1ST MORTGAGE) | ☐ | ☑ | ☐ | $4,226,146 [1] | Undetermined |
| NEW YORK COMMERCIAL BANK<br>615 MERRICK AVENUE<br>WESTBURY, NY 11590 | TERM LOAN (2ND MORTGAGE) | ☐ | ☑ | ☐ | $5,318,437 [1] | Undetermined |
| NEW YORK COMMERCIAL BANK<br>615 MERRICK AVENUE<br>WESTBURY, NY 11590 | REVOLVING LINE OF CREDIT | ☐ | ☑ | ☐ | $31,738,757 [1] | Undetermined |
| SEEDCO FINANCIAL SERVICES, INC.<br>PO BOX 513016<br>PHILADELPHIA, PA 19175 | PROMISSORY NOTE | ☑ | ☑ | ☐ | $1,430,899 | Undetermined |
| VALLEY NATIONAL BANK<br>1455 VALLEY ROAD<br>WAYNE, NJ 07470 | TERM LOAN (2ND MORTGAGE) | ☐ | ☑ | ☐ | $6,935,212 [1] | Undetermined |
| | | | | | $58,724,451 | Undetermined |

**Specific Notes**

New York Commercial is a lender and administrative agent for Cathay Bank, Valley National Bank and People's United Bank on the revolving line of credit and for Cathay Bank on the first mortgage.

1. Between the period September 12, 2012 and September 27, 2012, New York Commercial Bank swept substantially all cash in the Debtors' New York Commercial Bank accounts. In addition, on or about October 4, 2012, New York Commercial Bank swept, set off and applied the balance of $26,171.97 from Paul and Gene Pullo's personal bank account against the Revolving Line of Credit. Debt balances listed are net of known setoffs applied.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit D-2**

**Nature of Lien: UCC Liens**

| Creditor's Name and Mailing Address | Description | C | U | D | Amount of Claim Without Deducting Value Of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|
| ADVANCED DIGITAL DATA, INC.<br>6 LAUREL DRIVE<br>FLANDERS, NJ 07836 | UCC LIENS | ☑ | ☑ | ☑ | Undetermined | Undetermined |
| ATLANTIC BANK OF NEW YORK<br>960 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10001 | UCC LIENS | ☑ | ☑ | ☑ | Undetermined | Undetermined |
| NEW YORK COMMERCIAL BANK, AS SUCCESSOR<br>IN INTEREST TO ATLANTIC BANK OF NEW YORK<br>615 MERRICK AVENUE<br>WESTBURY, NY 11590 | UCC LIENS | ☑ | ☑ | ☑ | Undetermined | Undetermined |
| STATE BANK OF LONG ISLAND<br>699 HILLSIDE AVENUE<br>NEW HYDE PARK, NY 11040 | UCC LIENS | ☑ | ☑ | ☑ | Undetermined | Undetermined |
| | | | | | **Undetermined** | **Undetermined** |

# UNITED STATES BANKRUPTCY COURT

## Eastern District of New York

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing a "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐　Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐　Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507(a)(3).

☑　Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725 per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(4).

☐　Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(5).

☐　Certain farmers and fisherman

Claims of certain farmers and fishermen, up to $5,775 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507(a)(6).

☐　Deposits by individuals

Claims of individuals up to $2,600 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(7).

☐　Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

☑　Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507(a)(8).

☐　Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

☐　Administrative Expense Claims

Claims for the value of any goods received by the debtor within 20 days before the Petition Date in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition. Do not include claims listed in Schedule D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no unsecured nonpriority claims to report on this Schedule E

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|
| See Attached Schedule E-1 | | Employee Creditors Holding Unsecured Priority Claims | ☐ ☐ ☐ | $3,462 |
| See Attached Schedule E-2 | | Tax Creditors Holding Unsecured Priority Claims | ☑ ☑ ☐ | Undetermined |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |

<u>5</u> total continuation sheets attached      **Total**      **$3,462**

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

**Metro Fuel Oil Corp**

**Case Number:  12-46913**

## SPECIFIC NOTES REGARDING SCHEDULE E

**Creditors Holding Unsecured Priority Claims**

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

As noted in the Global Notes, the Bankruptcy Court entered a first day order granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order"). Pursuant to the Employee Wage Order, the Debtors believe that, other than claims of certain current insiders, any priority employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts are therefore not listed on Schedule E. Only non priority employee claims against the Debtors for prepetition amounts that have not been paid as of the time that the Schedules and Statements were prepared were included.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit E-1**

**Consideration For Claim:  Employee Creditors Holding Unsecured Priority Claims**

| <u>Creditor's Name and Mailing Address</u> | <u>C</u> | <u>U</u> | <u>D</u> | <u>Amount Of Claim</u> |
|---|---|---|---|---|
| PULLO, PAUL J<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | ☐ | ☐ | ☐ | $3,462 |
| | | | | **$3,462** |

<u>**Specific Notes**</u>

Claim amount related to ordinary course wages for Gene V. Pullo is reflected in Schedule E of the Schedule of Assets and liabilities of Metro Terminals Corp.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit E-2**

**Consideration For Claim:  Tax Creditors Holding Unsecured Priority Claims**

| Creditor's Name and Mailing Address | C | U | D | Amount Of Claim |
|---|---|---|---|---|
| CITY OF YONKERS<br>470 NEPPERHAN AVENUE<br>2ND FLOOR<br>YONKERS, NY 10701 | ☑ | ☑ | ☐ | Undetermined |
| COMMISSIONER OF MOTOR VEHICLES<br>207 GENESEE ST., STE 6<br>UTICA, NY 13501-5899 | ☑ | ☑ | ☐ | Undetermined |
| COMMISSIONER OF TAXATION AND FINANCE<br>NYS TAX DEPARTMENT HUT / IFTA  ADU<br>NEW YORK, NY 12227 | ☑ | ☑ | ☐ | Undetermined |
| COUNTY OF NASSAU<br>OFFICE OF CONSUMER AFFAIRS<br>200 COUNTY SEAT DRIVE<br>MINEOLA, NY 11501 | ☑ | ☑ | ☐ | Undetermined |
| DEPARTMENT OF CONSUMER AFFAIRS<br>BOWLING GREEN STATION<br>P.O. BOX 982<br>NEW YORK, NY 10274-0982 | ☑ | ☑ | ☐ | Undetermined |
| NASSAU COUNTY POLICE DEPARTMENT<br>COMMUNICATIONS BUREAU, POLICE ALARM PE<br>1194 PROSPECT AVENUE<br>WESTBURY, NY 11590 | ☑ | ☑ | ☐ | Undetermined |
| NEW ROCHELLE FIRE DEPARTMENT<br>ATTN: LICENSE DEPARTMENT<br>90 BEAUFORT PLACE<br>NEW ROCHELLE, NY 10801 | ☑ | ☑ | ☐ | Undetermined |
| NEW YORK STATE CORPORATION TAX<br>PROCESSING UNIT<br>P.O. BOX 22094<br>ALBANY, NY 12201-2094 | ☑ | ☑ | ☐ | Undetermined |
| NEW YORK STATE INCOME TAX<br>STATE PROCESSING CENTER<br>P.O. BOX 61000<br>ALBANY, NY 12261-0001 | ☑ | ☑ | ☐ | Undetermined |
| NEW YORK STATE SALES TAX<br>G.P.O. 5464<br>NEW YORK, NY 10087 | ☑ | ☑ | ☐ | Undetermined |
| NYC DEPARTMENT OF BUILDINGS<br>280 BROADWAY<br>LL#10/81 DIVISION 6TH FLOOR<br>NEW YORK, NY 10007 | ☑ | ☑ | ☐ | Undetermined |
| NYC DEPARTMENT OF ENVIRONMENTAL PROTECTION<br>59-17 JUNCTION BLVD, 9TH FL<br>FLUSHING, NY 11373-5108 | ☑ | ☑ | ☐ | Undetermined |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit E-2**

**Consideration For Claim: Tax Creditors Holding Unsecured Priority Claims**

| Creditor's Name and Mailing Address | C | U | D | Amount Of Claim |
|---|---|---|---|---|
| NYC DEPARTMENT OF FINANCE<br>CHURCH STREET STATION<br>P.O. BOX 3674<br>NEW YORK, NY 10008-3674 | ☑ | ☑ | ☐ | Undetermined |
| NYC FIRE DEPARTMENT<br>CHURCH STREET STATION<br>P.O. BOX 840<br>NEW YORK, NY 10008-0840 | ☑ | ☑ | ☐ | Undetermined |
| NYC WATER BOARD<br>P.O. BOX 371488<br>NEW YORK, NY 15250-7488 | ☑ | ☑ | ☐ | Undetermined |
| RECEIVER OF TAXES<br>200 HOWELL AVENUE<br>RIVERHEAD, NY 11901-2596 | ☑ | ☑ | ☐ | Undetermined |
| RECEIVER OF TAXES, CHARLES BERMAN<br>RECEIVER OF TAXES-TOWN OF N<br>HEMPSTEAD<br>P.O. BOX 4075<br>MANHASSET, NY 11030-4075 | ☑ | ☑ | ☐ | Undetermined |
| SUFFOLK COUNTY DEPARTMENT OF<br>CONSUMER<br>NORTH COUNTY COMPLEX<br>BLDG 340<br>HAUPPAUGE, NY 11788-0099 | ☑ | ☑ | ☐ | Undetermined |
| TREASURER, STATE OF NEW JERSEY<br>TWO GATEWAY CENTER<br>LICENSING AND REGISTRATION<br>NEWARK, NJ 07102 | ☑ | ☑ | ☐ | Undetermined |
| UNITED STATES TREASURY<br>INTERNAL REVENUE SERVICE<br>CINCINNATI, OH 45999-0039 | ☑ | ☑ | ☐ | Undetermined |

**Undetermined**

**Specific Notes**

Although specific dates are not included, all claims listed on Schedule E appear to have arisen or to have been incurred prior to the Petition Date.

In addition, all of the claims listed on Schedule E are potential claims owing to various taxing authorities to which the Debtors may be liable. Considering, however, that (i) certain of the tax claims may be subject to ongoing audits and (ii) Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E, the Debtors have identified all such claims as undetermined in amount pending final resolution of ongoing audits or other outstanding issues.

Paychex provides payroll tax processing services to the Debtors. Therefore, all payroll and withholding (FIT, SIT, CIT, FICA) tax liabilities are remitted to Paychex for disbursement and are paid in accordance with federal, state, and local tax regulations. The Debtors do not maintain up-to-date listings of primary taxing authorities related to payroll tax liabilities as they are all paid in the ordinary course of business through Paychex.

# UNITED STATES BANKRUPTCY COURT

## Eastern District of New York

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C | U | D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|---|---|
| See Attached Schedule F-1 | | Unsecured Trade Payables | ☑ | ☑ | ☐ | $9,422,278 |
| See Attached Schedule F-2 | | Pending Litigation | ☑ | ☑ | ☑ | Undetermined |
| See Attached Schedule F-3 | | Intercompany | ☐ | ☐ | ☐ | See Attached Schedule F-3 |
| See Attached Schedule F-4 | | Other Unsecured Liabilities | ☑ | ☑ | ☐ | $1,195,052 |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |

<u>13</u>    total continuation sheets attached                **Total**          **$10,617,330**

**<u>Metro Fuel Oil Corp</u>**

**Case Number:  12-46913**

## SPECIFIC NOTES REGARDING SCHEDULE F

**<u>Creditors Holding Unsecured Non Priority Claims</u>**

Amounts listed herein are as of the Petition Date.

The Debtors have used reasonable efforts to list all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records. Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although commercially reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular debtor has been identified, however, such information is contained in the Schedule for that debtor.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F. Such guaranties are, instead, listed on Schedule G.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts. The Debtors expressly incorporates by reference into Schedule F all employee wage claims listed in Schedule E that are identified as nonpriority, and the Debtors reserve all of their rights to dispute the validity and amount of all such nonpriority general unsecured amounts of any employee wage claim.

The Debtors routinely engaged in intercompany transactions among the Debtors resulting in intercompany accounts payable and accounts receivable. The Debtors have listed the intercompany information for each debtor on Schedule B and Schedule F, as applicable. Summary schedules do not include receivables or payables related to intercompany transactions.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit F-1**

**Consideration For Claim: Unsecured Trade Payables**

| <u>Creditor's Name and Mailing Address</u> | <u>C</u> | <u>U</u> | <u>D</u> | <u>Amount of</u><br><u>Claim</u> |
|---|---|---|---|---|
| 4TH AVENUE BURNER<br>284 4TH AVENUE<br>BROOKLYN, NY 11215 | ☐ | ☐ | ☐ | $2,966.40 |
| ABCO REFRIGERATION SUPPLY CO.<br>49-70 31ST STREET<br>L.I.C., NY 11101 | ☐ | ☐ | ☐ | $225.46 |
| ADVANCED DIGITAL DATA<br>PO BOX 95000-3710<br>PHILADELPHIA, PA 19195-0001 | ☐ | ☐ | ☐ | $46,065.31 |
| AF SUPPLY<br>1000 SOUTH 2ND STREET<br>HARRISON, NJ 07029 | ☐ | ☐ | ☐ | $10,578.73 |
| AGEE HEATING SERVICE CORP.<br>12-58 CLINTONVILLE STREET<br>WHITESTONE, NY 11357 | ☐ | ☐ | ☐ | $3,266.26 |
| AGOSTINO & ASSOCIATES<br>14 WASHINGTON PLACE<br>HACKENSACK, NJ 7601 | ☑ | ☑ | ☐ | $200,000.00 |
| ALL BORO TRANSPORTATION, INC.<br>C/O FRANK ALGERIO<br>1448 81ST STREET<br>BROOKLYN, NY 11228 | ☐ | ☐ | ☐ | $1,197.23 |
| ALL THE ANSWERS, INC.<br>207 HALLOCK ROAD<br>SUITE 109<br>STONY BROOK, NY 11790 | ☐ | ☐ | ☐ | $337.93 |
| ALLIANCE MECHANICAL DIVISION,<br>179 HERKIMER STREET<br>BROOKLYN, NY 11216 | ☐ | ☐ | ☐ | $7,294.15 |
| AMAF BURNER & CONTROL SUPPLY<br>146-57 HORACE HARDING EXPRESSWAY<br>FLUSHING, NY 11367 | ☐ | ☐ | ☐ | $40,977.85 |

| Creditor's Name and Mailing Address | C | U | D | Amount of Claim |
|---|---|---|---|---|
| AMERICAN LIBERTY BOILER<br>PO BOX 26<br>BAYPORT, NY 11705-0025 | ☐ | ☐ | ☐ | $3,810.62 |
| AMERICOL MAINTENANCE CORP.<br>94 1/2 GUERNSEY STREET<br>BROOKLYN, NY 11222 | ☐ | ☐ | ☐ | $7,253.99 |
| AMSPEC SERVICES, LLC<br>P.O. BOX 1748<br>LINDEN, NJ 07036 | ☐ | ☐ | ☐ | $2,151.67 |
| B & F ELECTRIC MOTORS INC.<br>135 SCHMITT BLVD.<br>FARMINGDALE, NY 11735 | ☐ | ☐ | ☐ | $360.53 |
| BALCO INDUSTRIES, INC.<br>99 LAFAYETTE DRIVE<br>SYOSSET, NY 11791 | ☐ | ☐ | ☐ | $1,200.00 |
| BALDWIN BUSINESS SYSTEMS,<br>2805 VETERANS MEMORIAL HIGHWAY<br>SUITE 1<br>RONKONKOMA, NY 11779 | ☐ | ☐ | ☐ | $3,057.93 |
| BAYSIDE FUEL OIL DEPOT CORP.<br>PO BOX 140128<br>1776 SHORE PARKWAY<br>BROOKLYN, NY 11214-0002 | ☐ | ☐ | ☐ | $5,716,492.08 |
| BEARDSLEE TRANSMISSION<br>27-22 JACKSON AVENUE<br>LONG ISLAND CITY, NY 11101-2918 | ☐ | ☐ | ☐ | $689.21 |
| BERNARD & JOANNE JONES<br>114-22 198 ST<br>ST ALBANS, NY 11412 | ☐ | ☐ | ☐ | $348.46 |
| BLACKMAN PLUMBING SUPPLY CO.,<br>PO BOX 9400<br>UNIONDALE, NY 11555-9100 | ☐ | ☐ | ☐ | $25,374.88 |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit F-1**

**Consideration For Claim: Unsecured Trade Payables**

| Creditor's Name and Mailing Address | C | U | D | Amount of Claim |
|---|---|---|---|---|
| BLASK TELEPHONE ENTERPRISES, 70-34A AUSTIN STREET FOREST HILLS, NY 11375-4728 | ☐ | ☐ | ☐ | $518.00 |
| BMP PRODUCTIONS 71 BUCKRAM ROAD LOCUST VALLEY, NY 11560 | ☐ | ☐ | ☐ | $554.00 |
| BODKIN EXCAVATING PO BOX 624 PATCHOGUE, NY 11772 | ☑ | ☑ | ☐ | Undetermined |
| BRODAN ENGINEERING LLC 10151 UNIVERSITY BOULEVARD #331 ORLANDO, FL 32817 | ☐ | ☐ | ☐ | $400.00 |
| CARDINAL TANK CORP 700 HICKS STREET BROOKLYN, NY 11231 | ☐ | ☐ | ☐ | $1,742.00 |
| COWBOY'S ELECTRICAL SUPPLY, INC. 1069 MAIN STREET UNIT 136 HOLBROOK, NY 11741 | ☐ | ☐ | ☐ | $759.96 |
| DATUMEG, INC. 128 MAIN ST PO BOX 28 YAPHANK, NY 11980-0028 | ☐ | ☐ | ☐ | $138.39 |
| DIVERSE PRINTING & GRAPHICS, 224 WEST 30TH STREET SUITE 406 NEW YORK, NY 10001 | ☐ | ☐ | ☐ | $1,278.19 |
| DIVERSIFIED HEAT TRANSFER, 1710 FLUSHING AVENUE RIDGEWOOD, NY 11385 | ☐ | ☐ | ☐ | $25.00 |

| **Creditor's Name and Mailing Address** | **C** | **U** | **D** | **Amount of Claim** |
|---|---|---|---|---|
| DUN & BRADSTREET<br>METRO FUEL<br>DEPT CH 16656<br>PALANTINE, IL 60675-5434 | ☐ | ☐ | ☐ | $5,226.01 |
| DYNAMIC SHEET METAL LTD.<br>192 24TH STREET<br>BROOKLYN, NY 11232 | ☐ | ☐ | ☐ | $890.00 |
| E FUELING TECHNOLOGIES<br>PO BOX 201417<br>AUSTIN, TX 78720-1417 | ☐ | ☐ | ☐ | $250.00 |
| EASTERN AVIATION FUELS, INC<br>601 MC CARTHY BLVD.<br>NEW BERN, NC 28562 | ☐ | ☐ | ☐ | $19,688.09 |
| ECONOMY PUMP & MOTOR REPAIR<br>36-52 36TH STREET<br>LONG ISLAND CITY, NY 11106 | ☐ | ☐ | ☐ | $2,645.66 |
| EVERTIGHT TANK LINING CO.<br>11 LANSING STREET<br>STATEN ISLAND, NY 10305 | ☐ | ☐ | ☐ | $8,880.00 |
| EX TECH INDUSTRIES, INC.<br>PO BOX 52281<br>NEWARK, NJ 07101-0220 | ☐ | ☐ | ☐ | $102.22 |
| FCC ENVIRONMENTAL<br>PO BOX 674156<br>DALLAS, TX 75267-4156 | ☐ | ☐ | ☐ | $113,193.00 |
| FEDEX<br>PO BOX 371461<br>PITTSBURGH, PA 15250-7461 | ☐ | ☐ | ☐ | $239.44 |
| GBS HEATING & COOLING SUPPLY<br>36-52 36TH STREET<br>LONG ISLAND CITY, NY 11106 | ☐ | ☐ | ☐ | $2,515.52 |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit F-1**

**Consideration For Claim: Unsecured Trade Payables**

| **Creditor's Name and Mailing Address** | **C** | **U** | **D** | **Amount of Claim** |
|---|---|---|---|---|
| GREENPOINT YMCA<br>99 MESEROLE AVENUE<br>BROOKLYN, NY 11222 | ☑ | ☑ | ☐ | $2,500.00 |
| HEAT USA<br>750 LEXINGTON AVENUE<br>23RD FLOOR<br>NEW YORK, NY 10022 | ☐ | ☐ | ☐ | $598.39 |
| HEV-E-OIL BURNER DISTRIBUTORS<br>2395 WASHINGTON AVENUE<br>BRONX, NY 10458 | ☐ | ☐ | ☐ | $1,027.78 |
| HOME DEPOT<br>DEPT 32-2505507909<br>PO BOX 9055<br>DES MOINES, IA 50364-0500 | ☐ | ☐ | ☐ | $7,245.77 |
| IR. PETER KOZANECKI<br>70-20 68TH PLACE<br>GLENDALE, NY 11385 | ☐ | ☐ | ☐ | $1,361.97 |
| J.S PALUCH CO., INC.<br>PO BOX 2703<br>SCHILLER PARK, IL 60176-0703 | ☐ | ☐ | ☐ | $250.00 |
| JANNETTE KRUS<br>75 FRIENDS LANE<br>WESTBURY, NY 11590 | ☐ | ☐ | ☐ | $490.62 |
| JEFFREY LEVINE<br>19 FLAGSTONE LANE<br>WESTBURY, NY 11590 | ☐ | ☐ | ☐ | $421.33 |
| JOSEPH DANISI TRUCKS, INC.<br>1016 GRAND BLVD<br>DEER PARK, NY 11729 | ☐ | ☐ | ☐ | $666.16 |
| JOSEPH RASO LANDSCAPING, INC.<br>PO BOX 832<br>GLEN COVE, NY 11542 | ☐ | ☐ | ☐ | $722.35 |

| Creditor's Name and Mailing Address | C U D | Amount of Claim |
|---|---|---|
| JUNIPER ELBOW COMPANY, INC.<br>PO BOX 790148<br>MIDDLE VILLAGE, NY 11379-0148 | ☐ ☐ ☐ | $565.37 |
| KIRBY OFFSHORE MARINE<br>PO BOX 204039<br>HOUSTON, TX 77216-4039 | ☐ ☐ ☐ | $84,145.68 |
| LMB CONSULTANTS, INC.<br>100-02 101ST AVENUE<br>OZONE PARK, NY 11416 | ☐ ☐ ☐ | $1,425.00 |
| LNL DISTRIBUTING CORP.<br>265 ROBBINS LANE<br>SYOSSET, NY 11791 | ☐ ☐ ☐ | $388.88 |
| M & M HEATING SUPPLIES, INC.<br>34 FRANKLIN AVENUE<br>FRANKLIN SQUARE, NY 11010 | ☐ ☐ ☐ | $11.25 |
| MANHATTAN HEATING & COOLING<br>345 EAST 104TH STREET<br>NEW YORK, NY 10029-5501 | ☐ ☐ ☐ | $244.43 |
| MAS SALES<br>1709 NEWBRIDGE ROAD<br>N. BELLMORE, NY 11710 | ☐ ☐ ☐ | $1,669.73 |
| MAYER MALBIN<br>41-01 36TH STREET<br>L.I.C., NY 11101 | ☐ ☐ ☐ | $11,130.34 |
| MGY MECHANICAL LLC<br>520 WITTICH TERRACE<br>RIVER VALE, NJ 07675 | ☐ ☐ ☐ | $24,000.00 |
| MOTIVA ENTERPRISES LLC<br>PO BOX 201755<br>HOUSTON, TX 77216 | ☐ ☐ ☐ | $363,253.62 |

| Creditor's Name and Mailing Address | C | U | D | Amount of Claim |
|---|---|---|---|---|
| MULDAN-DAVID INC.<br>67-53 WOODHAVEN BLVD<br>REGO PARK, NY  11374 | ☐ | ☐ | ☐ | $450.00 |
| MULLOOLY, JEFFREY, ROONEY &<br>6851 JERICHO TURNPIKE<br>SUITE 220<br>SYOSSET, NY  11791-9036 | ☐ | ☐ | ☐ | $1,019.00 |
| NEW YORK BOILER, INC.<br>5885 PRESTON COURT<br>BROOKLYN, NY  11234 | ☐ | ☐ | ☐ | $4,518.31 |
| NIC HOLDING CORP.<br>25 MELVILLE PARK ROAD<br>SUITE 210<br>MELVILLE, NY  11747 | ☑ | ☑ | ☐ | $1,906,004.82 |
| OCS CHEMICAL ENGINEERING<br>PO BOX 608<br>PUTNAM VALLEY, NY  10579 | ☐ | ☐ | ☐ | $9,241.29 |
| ORKIN<br>40-27 CRESCENT STREET<br>LONG ISLAND CITY, NY  11101-3815 | ☐ | ☐ | ☐ | $130.65 |
| PC MALL<br>FILE 55327<br>LOS ANGELES, CA  90074-5327 | ☐ | ☐ | ☐ | $826.37 |
| PETROLEUM TANK CLEANERS, INC.<br>236 BUTLER STREET<br>BROOKLYN, NY  11217 | ☐ | ☐ | ☐ | $1,755.00 |
| PHILLIPS 66 COMPANY<br>22342 NETWORK PL<br>CHICAGO, IL  60673-1223 | ☐ | ☐ | ☐ | $486,037.59 |
| PROSPECT TRANSPORTATION INC.<br>630 INDUSTRIAL ROAD<br>CARLSTADT, NJ  07072 | ☐ | ☐ | ☐ | $329.43 |

| Creditor's Name and Mailing Address | C U D | Amount of Claim |
|---|---|---|
| RIT PRINTING CORP<br>250 NORTH FEHR WAY<br>BAY SHORE, NY  11706 | ☐ ☐ ☐ | $439.93 |
| ROCKY & MARCIANO FUEL OIL<br>971 MAIN ST.<br>UNIT E<br>HOLBROOK, NY 11741 | ☐ ☐ ☐ | $10,648.14 |
| SAFETY-KLEEN SYSTEMS, INC.<br>PO BOX 975201<br>DALLAS, TX  75397-5201 | ☐ ☐ ☐ | $240,503.70 |
| SID HARVEY METRO<br>605 LOCUST STREET<br>GARDEN CITY, NY  11530-6531 | ☐ ☐ ☐ | $9,294.11 |
| SKYLINE CREDIT RIDE, INC.<br>52-29 35TH STREET<br>L.I.C., NY  11101 | ☐ ☐ ☐ | $3,052.14 |
| SLADE INDUSTRIES, INC.<br>1101 BRISTOL RD<br>MOUNTAINSIDE, NJ  07092 | ☐ ☐ ☐ | $248.21 |
| SPRINT<br>PO BOX 105243<br>ATLANTA, GA  46168-6001 | ☐ ☐ ☐ | $216.53 |
| TRANS UNION LLC<br>PO BOX 99506<br>CHICAGO, IL  60693-9506 | ☐ ☐ ☐ | $512.53 |
| VANNA FUEL<br>7-36 152ND STREET<br>WHITESTONE, NY  11357 | ☐ ☐ ☐ | $9,608.10 |
| VERIZON<br>PO BOX 1100<br>ALBANY, NY  12212-5124 | ☐ ☐ ☐ | $446.82 |

| Creditor's Name and Mailing Address | C | U | D | Amount of Claim |
|---|---|---|---|---|
| WRIGHT EXPRESS FSC<br>PO BOX 5727<br>CAROL STREAM, IL  60197-5727 | ☐ | ☐ | ☐ | $1,972.21 |
| XTREME AUTO GLASS INC.<br>24 04 ERICSSON ST<br>EAST ELMHURST, NY  11369 | ☐ | ☐ | ☐ | $210.00 |
| | | | | $9,422,277.72 |

**Specific Notes**

Amounts listed represent liabilities arising from prepetition delivery of goods and services recorded in the debtors' books and records as of October 10, 2012.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit F-2**

**Consideration For Claim: Pending Litigation**

| **Creditor's Name and Mailing Address** | **C** | **U** | **D** | **Amount of Claim** |
|---|---|---|---|---|
| ANTONIO VELASQUEZ, JR.<br>155 SIEGEL STREET<br>APT. 5-H<br>BROOKLYN, NY 11206 | ☑ | ☑ | ☑ | Undetermined |
| | | | | Undetermined |

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit F-3**

**Consideration For Claim:  Intercompany**

| Creditor's Name and Mailing Address | C | U | D | Amount of Claim |
|---|---|---|---|---|
| INTERCOMPANY PAYABLE TO APOLLO PETROLEUM TRANSPORT, LLC | ☐ | ☐ | ☐ | $1,908,348 |
| INTERCOMPANY PAYABLE TO METRO BIOFUELS LLC | ☐ | ☐ | ☐ | $285,000 |
| INTERCOMPANY PAYABLE TO METRO ENERGY | ☐ | ☐ | ☐ | $539,411 |
| | | | | $2,732,759 |

**Specific Notes**

The Debtors routinely engaged in intercompany transactions among the Debtors resulting in intercompany accounts payable and accounts receivable. The Debtors have listed the intercompany information for each debtor on Schedule B and Schedule F, as applicable. Summary schedules do not include receivables or payables related to intercompany transactions.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit F-4**

**Consideration For Claim: Other Unsecured Liabilities**

| Creditor's Name and Mailing Address | Description | C | U | D | Amount of Claim |
|---|---|---|---|---|---|
| GENE V. PULLO AND PAUL J. PULLO<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | SHAREHOLDER LOANS | ☑ | ☑ | ☐ | $1,195,052 |

|  |  |
|---|---|
|  | $1,195,052 |

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| | |
|---|---|
| See Attached Schedule G-1 | Financial Agreements |
| See Attached Schedule G-2 | Fuel Customer Agreements |
| See Attached Schedule G-3 | Lease Agreements |
| See Attached Schedule G-4 | Bids and Bid Contracts |
| See Attached Schedule G-5 | Labor Agreements |
| See Attached Schedule G-6 | Service Agreements |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

<u>8</u>    total continuation sheets attached

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

## SPECIFIC NOTES REGARDING SCHEDULE G

### Unexpired Leases and Executory Contracts

Schedule G contains a listing of the Debtors' existing contracts and leases as of the Petition Date. Given, however, the complexity of the Debtors' business, inadvertent errors, omissions or the over-inclusion of contracts or leases may have occurred. Accordingly, the Debtors hereby reserve all of their rights to dispute the validity, status, enforceability or the executory nature of any contract or other agreement set forth in Schedule G and to amend or supplement Schedule G if necessary.

The contracts, agreements and leases listed on Schedule G may have expired or been modified, amended and/or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements, which may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. The presence (or omission) of a contract or agreement on Schedule G does not constitute an admission by Metro that such contract or agreement is (or is not) an executory contract or unexpired lease.

In the ordinary course of its business, the Debtors may have entered into certain agreements, including confidentiality agreements, non-disclosure agreements, noncompete agreements, access agreements, service agreements and purchase orders, which may be executory contracts but are not included in Schedule G. To the extent that such agreements are executory contracts, the Debtors reserve all of their rights with respect to any of these agreements. In addition, the Debtors generally have not included any insurance policies, the premiums for which have been prepaid, on Schedule G. The Debtors reserves all of their rights to amend Schedule G to include such policies, as appropriate.

| Name | Description | Address | Contract ID |
|------|-------------|---------|-------------|
| CONOCOPHILLIPS COMPANY | CORPORATE GUARANTEE | 1340M PLAZA OFFICE BUILDING<br>315 S. JOHNSTONE<br>BARTLESVILLE, OK 74004 | 4 |
| GENE V. PULLO AND PAUL J. PULLO | CONFIRMATION AND AMENDMENT OF AGREEMENT OF SUBORDINATION | 500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | 50 |
| GENE V. PULLO AND PAUL J. PULLO | PROMISSORY NOTE CONSOLIDATION AND EXTENSION AGREEMENT | 500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | 49 |
| NOBLE AMERICAS CORP. | TRADING AGREEMENT | 333 LUDLOW STREET<br>SUITE 1230<br>STAMFORD, CT 06902 | 2 |
| ROCKY & MARCIANO FUEL OIL CO., INC. | ASSET PURCHASE AGREEMENT | 971 MAIN STREET<br>UNIT E<br>HOLBROOK, NY 11741 | 16 |

**TOTAL NUMBER OF CONTRACTS: 5**

**Specific Notes**

Contracts listed may represent amendments or addendums.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit G-2**
**Fuel Customer Agreements**

| <u>Name</u> | <u>Description</u> | <u>Address</u> | <u>Contract ID</u> |
|---|---|---|---|
| 500 MAMARONECK AVE LP | AGREEMENT FOR FIXED PRICE FUEL SUPPLY | 500 MAMARONECK AVE HARRISON, NY | 7 |
| BARTLETT DAIRY INC. | AGREEMENT FOR FIXED PRICE FUEL SUPPLY | 156-02 LIBERTY AVE. JAMAICA, NY 11433 | 6 |
| BARTLETT DAIRY INC. | AGREEMENT FOR FIXED PRICE FUEL SUPPLY | 156-02 LIBERTY AVE. JAMAICA, NY 11433 | 5 |

**TOTAL NUMBER OF CONTRACTS: 3**

<u>Specific Notes</u>

Contracts listed may represent amendments or addendums.

| Name | Description | Address | Contract ID |
|------|-------------|---------|-------------|
| KINGS LAND REALTY INC. | REAL PROPERTY LEASE | 500 N. KINGSLAND AVE. BROOKLYN, NY 11222 | 53 |

**TOTAL NUMBER OF CONTRACTS: 1**

**Specific Notes**

Contracts listed may represent amendments or addendums.

**Metro Fuel Oil Corp**
**Case Number: 12-46913**

**Exhibit G-4**
**Bids and Bid Contracts**

| Name | Description | Address | Contract ID |
|------|-------------|---------|-------------|
| BOARD OF EDUCATION OF THE MOUNT VERNON CITY SCHOOL DISTRICT | BID # 12-30: DELIVERY OF #2 HEATING OIL | 165 NORTH COLUMBUS AVENUE MOUNT VERNON, NY 11751 | 30 |
| CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES | AVIATION JET A FUEL, BULK DELIVERY (RE-AD) BID | 1 CENTRE STREET, 18TH FLOOR NEW YORK, NY 10007 | 24 |
| CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES | FUEL OIL, HEATING AND BIOHEATING, BULK DELIVERY | 1 CENTRE STREET, 18TH FLOOR NEW YORK, NY 10007 | 25 |
| CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES | DIESEL AND BIODIESEL, BULK DELIVERY & RACK PICK-UP | 1 CENTRE STREET, 18TH FLOOR NEW YORK, NY 10007 | 26 |
| CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES | FUEL OIL FOR HPD RE-AD | 1 CENTRE STREET, 18TH FLOOR NEW YORK, NY 10007 | 28 |
| COUNTY OF SUFFOLK | FUEL OIL  CONTRACT # FO-091412 | 360 YAPHANK AVENUE YAPHANK, NY 11980 | 38 |
| COUNTY OF WESTCHESTER | ULTRA LOW SULFAR DIESEL (OFF ROAD) - REQUEST FOR BID | 375 EXECUTIVE BLVD 2ND FLOOR ELMSFORD, NY 10523 | 40 |
| DEFENSE ENERGY SUPPORT CENTER | DESC-PIA | 8725 JOHN J. KINGMAN ROAD SUITE 3821 FORT BELVOIR, VA 22060-6222 | 27 |
| DIOCESE OF ROCKVILLE CENTRE | DIOCESAN FUEL OIL REQUEST FOR PROPOSAL | P.O. BOX 9023 ROCKVILLE CENTRE, NY 11571-9023 | 37 |
| EASTERN SUFFOLK BOCES | FUEL OIL BID# 2012-040-0517 | 201 SUNRISE HIGHWAY PATCHOGUE, NY 11772 | 22 |
| METRO-NORTH RAILROAD | MTA AGENCIES FUEL CARD, BULK DELIVERY AND FUEL MANAGEMENT CONTRACT | 347 MADISON AVENUE 13TH FLOOR NEW YORK, NY 10017 | 29 |
| NASSAU BOCES | FUEL OIL BID# 11/12-026 | P.O. BOX 9195 71 CLINTON ROAD GARDEN CITY, NY 11530-9195 | 23 |

| Name | Description | Address | Contract ID |
|------|-------------|---------|-------------|
| NATIONAL GRID USA SERVICE COMPANY, INC. | AGREEMENT FOR GASOLINE - TRUCK DELIVERED | 40 SYLVAN ROAD<br>WALTHAM, MA 02451 | 31 |
| NEW YORK CITY HOUSING AUTHORITY | FUEL OIL REQUIREMENTS PURCHASE CONTRACT | 250 BROADWAY<br>NEW YORK, NY 10007 | 33 |
| NEW YORK CITY TRANSIT AUTHORITY | PURCHASE AND DELIVERY OF HEATING FUEL OILS #2, #2B2, AND #2B5 | 369 PEARL STREET<br>BROOKLYN, NY | 21 |
| STATE OF NEW YORK EXECUTIVE DEPARTMENT | GROUP 05500 - FUEL OIL, HEATING | CORNING TOWER - 37TH FLOOR<br>EMPIRE STATE PLAZA<br>ALBANY, NY 12242 | 34 |
| STATE OF NEW YORK EXECUTIVE DEPARTMENT | GROUP 05602 - DIESEL ENGINE FUEL, ULTRA-LOW SULFUR AND BIODIESEL | CORNING TOWER - 37TH FLOOR<br>EMPIRE STATE PLAZA<br>ALBANY, NY 12242 | 35 |
| TOWN OF HEAMPSTEAD | CONTRACT PROPOSAL - GASOLINE | 350 FRONT STREET<br>ROOM 122<br>HEAMPSTEAD, NY 11550-4037 | 39 |
| TOWN OF RIVERHEAD | DIESEL FUEL 2012 | 200 HOWELL AVENUE<br>RIVERHEAD, NY 11901-2596 | 36 |
| WESTERN SUFFOLK BOCES | FUEL OIL # 11-46 | ATTN:ACCTS PAYABLE<br>507 DEER PARK ROAD<br>HUNTINGTON STATION, NY 11746 | 41 |

**TOTAL NUMBER OF CONTRACTS:  20**

**Specific Notes**

Contracts listed may represent amendments or addendums.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

**Exhibit  G-5**
**Labor Agreements**

| **Name** | **Description** | **Address** | **Contract ID** |
|----------|-----------------|-------------|-----------------|
| EILEEN MARCIANO | EMPLOYMENT AGREEMENT | 394 LILLIAN BLVD<br>HOLBROOK, NY 11741 | 17 |

**TOTAL NUMBER OF CONTRACTS:  1**

**Specific Notes**

Contracts listed may represent amendments or addendums.

| Name | Description | Address | Contract ID |
|------|-------------|---------|-------------|
| ALLIANCE MECHANICAL & DEMOLITION, LLC | EXCAVATION & CONSTRUCTION CONTRACT | 179 HERKIMER STREET<br>BROOKLYN, NY 11216 | 8 |
| GEORGETOWN MEWS OWNERS' CORP. | FIRST AMENDMENT TO OIL TANK REPLACEMENT CONTRACT | 152-32 MELBOURNE AVENUE<br>NEW YORK, NY 11367 | 9 |

**TOTAL NUMBER OF CONTRACTS:  2**

**Specific Notes**

Contracts listed may represent amendments or addendums.

# UNITED STATES BANKRUPTCY COURT

### Eastern District of New York

### SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | FOOTNOTE |
|---|---|
| APOLLO PETROLEUM TRANSPORT LLC<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | |
| GENE V. PULLO<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | 1 |
| KINGS LAND REALTY INC.<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | |
| METRO BIOFUELS LLC<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | |
| METRO ENERGY GROUP LLC<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | |
| METRO PLUMBING SERVICES CORP.<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | |
| METRO TERMINALS CORP<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 | |

| **NAME AND ADDRESS OF CODEBTOR** | **FOOTNOTE** |
|---|---|

METRO TERMINALS OF LONG ISLAND, LLC

500 N. KINGSLAND AVE.
BROOKLYN, NY 11222

PAUL J. PULLO                                                         1

500 N. KINGSLAND AVE.
BROOKLYN, NY 11222

**Specific Notes**

1. While Paul J. Pullo and Gene V. Pullo are not filing entities, they have been included in the list of codebtors due to personal guarantees that were given to certain creditors.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Signatory of Metro Fuel Oil Corp, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.


**Date:** _____ October 15, 2012 _____          **Signature:** /s/ Thomas Studebaker _____

                                                                 Thomas Studebaker, Chief Financial Officer


*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| METRO FUEL OIL CORP., *et al.,* [1] | Case Nos.  12-46913 (ESS)<br>12-46914 (ESS)<br>12-46915 (ESS)<br>12-46916 (ESS)<br>12-49617 (ESS)<br>12-46918 (ESS)<br>12-46919 (ESS)<br>12-46920 (ESS)<br>12-46921 (ESS)<br>12-46922 (ESS) |
| Debtors. | Jointly Administered |


## STATEMENT OF FINANCIAL AFFAIRS FOR

## Metro Fuel Oil Corp

## Case No: 12-46913

---

1    The Debtors are Metro Fuel Oil Corp., Apollo Petroleum Transport, Inc., Apollo Petroleum Transport, LLC, Apollo Pipeline, LLC, Kings Land Realty, Inc., Metro Biofuels, LLC, Metro Energy Group LLC, Metro Plumbing Services Corp., Metro Terminals Corp. and Metro Terminals of Long Island, LLC.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Introduction

On September 27, 2012 (the "Petition Date"), Metro Fuel Oil Corp., Metro Terminals Corp., Metro Terminals of Long Island, LLC, Metro Biofuels, LLC, Metro Energy Group, LLC, Metro Plumbing Services Corp., Apollo Petroleum Transport, LLC, Kings Land Realty, Inc., Apollo Pipeline, LLC and Apollo Petroleum Transport, Inc. (collectively, "Metro" or "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Metro continues to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On the date hereof, Metro, with the assistance of their management and advisors, filed the Schedules of Assets and Liabilities (collectively, "Schedules") and the Statement of Financial Affairs (collectively, "Statements," and, together with the Schedules, "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. Mr. Thomas Studebaker, Chief Financial Officer, executed the Schedules and Statements in his capacity as an authorized signatory. Mr. Thomas Studebaker has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

In addition, while Metro's management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible based on the information that was available at the time of preparation (i) additional information, or subsequent discovery thereof, may result in material changes to these Schedules and Statements, and (ii) inadvertent errors or omissions may exist. Furthermore, because the Schedules and Statements contain unaudited financial information that is subject to further review and potential adjustment, there can be no assurance that the Schedules and Statements are complete. Accordingly, Metro reserves all rights to amend, supplement, or otherwise modify the Schedules and Statements to the extent that it is necessary and appropriate. Metro shall not be required, however, to update the Schedules and Statements.

### Global Notes and Overview of Methodology

These General Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements ("Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements. These Global Notes are in addition to the specific notes contained in Metro's Schedules and Statements. The fact that certain Global Notes may apply to only particular Schedules or Statements does not exclude the applicability of such Global Note to any or all of Metro's remaining Schedules or Statements, as appropriate. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Accounts Receivable

The accounts receivable information included in the Schedules and Statements is as of August 31, 2012 and has been listed net of reserves.

### Amendment

Although reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, Metro reserves all rights to amend and/or supplement the Schedules and Statements as it deems necessary and appropriate.

### Cash Management

The Debtors use a consolidated cash management system through which the Debtors collect substantially all receipts and pay liabilities and expenses.

### Causes of Action

Despite reasonable efforts, Metro may have inadvertently failed to identify and/or set forth as assets all of its filed or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes not the Schedules and Statements shall be deemed a waiver of any Causes of Action or in any way prejudice or impair the assertion of such Causes of Action.

### Claims Designations and Claims of Third-Party Related Entities

Although Metro has made every effort to classify properly each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to reconcile fully all payments made to certain third parties and their related entities on account of the Debtors' obligations to such entities and their affiliates. Accordingly, any failure of Metro to designate a claim identified on the Schedules and Statements as "disputed"; "contingent"; or "unliquidated" does not constitute an admission by Metro that such amount is not "disputed"; "contingent"; or "unliquidated." Indeed, Metro reserves the right to dispute, or assert offsets or defenses to, any claim reflected on the Schedules or Statements on any grounds whatsoever, including amount, liability, or classification, or to otherwise subsequently designate such claims as "disputed"; "contingent"; or "unliquidated." Identification of a claim on the Schedules and Statements shall not constitute an admission of liability by Metro.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

**Metro Fuel Oil Corp**
**Case Number: 12-46913**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Classifications

Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such claims or contracts or to setoff against any such Claims.

### Confidentiality

In certain circumstances certain information has been intentionally omitted or revised due to concerns about the confidential or commercially sensitive nature of such information or for privacy of individuals. The revisions or omissions will be limited to only what is necessary the Debtors or third-parties and will provide interested parties with sufficient information.

### Employees

The Debtors employ approximately 130 employees as of the petition date. The Bankruptcy Court entered "first-day" interim orders granting authority to the Debtors to pay pre-petition employee wages, salaries, severance, benefits or other obligations in the ordinary course of their businesses. Accordingly, the Schedules and Statements do not include claims that the Debtors have paid or otherwise resolved or satisfied pursuant to such "first-day" orders. In addition, the Debtors may take certain actions that lead to employee-related claims. Such potential claims are not included in the Schedules and Statements. Furthermore, the Debtors have omitted from their response to Statement Question 3.b. ordinary course payments made to employees within 90 days of the Petition Date.

### Estimates

To close the books and records of the Debtors as of the Petition Date, the Debtors' management was required to make estimates, allocations or assumptions that affect the amounts of assets and liabilities as of September 27, 2012 and reported revenue and expenses for the period ending [August 31, 2012].

### Excluded Assets and Liabilities

Metro has excluded certain assets from the Schedules and Statements, including goodwill, customer relationships, and assets with a net book value of zero. Metro has excluded certain liabilities from the Schedules and Statements, including accrued salaries and employee benefits, tax accruals, letters of credit and other accrued liabilities. The Debtors have also excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected; to the extent such damage claims may at some point arise. Liabilities resulting from non-specific accruals and/or estimates of long-term liabilities that are not payable at this time given that they (i) have not been approved for payment in accordance with Metro's normal procedures or (ii) have not yet been reported and, therefore, do not represent specific claims as of the Petition Date, have been excluded from the Schedules and Statements. Other de minimis or otherwise immaterial assets and liabilities may also have been excluded.

### Financial Reporting

The Debtors are privately-held companies. The Schedules and Statements identify Metro's stand-alone assets and liabilities and were not prepared in accordance with generally accepted accounting principles ("GAAP").

### Fiscal Year

The fiscal year for Metro Fuel Oil Corp, Metro Terminals Corp and Metro Terminals of Long Island, LLC covers the period July 1 through June 30. For all other entities, the fiscal year covers the period January 1 through December 31.

### Foreign Currency

All amounts are reflected in U.S. Dollars ("USD").

### Guarantees and Other Secondary Liability Claims

Metro has used its best efforts to locate and identify guarantee obligations and other secondary liability claims related to each of its executory contracts, unexpired leases, secured financings, debt instruments, and other agreements (collectively, the "Guarantees"). Where such Guarantees have been identified, they have been included in the Schedules.

### Insiders

For purposes of the Schedules and Statements, the term "insiders" is defined pursuant to section 101(31) of the Bankruptcy Code as: (i) directors; (ii) officers; (iii) shareholders holding in excess of 5% of the voting shares; and (iv) relatives of directors, officers, or shareholders of Metro (to the extent known by Metro).

Persons listed as "insiders" have been included for informational purposes only. Metro does not take any position with respect to: (i) such person's influence over the control of Metro; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including the Bankruptcy Code or federal securities laws, or with respect to any theories of liability or for any other purpose.

**Metro Fuel Oil Corp**

**Case Number: 12-46913**

---

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Intellectual Property Rights

Any exclusion of Metro's intellectual property shall not be construed as an admission by Metro that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights shall not be construed as an admission by Metro that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, Metro reserves any and all of its rights with respect to the legal status of any and all of its intellectual property.

### Intercompany Claims

Receivables and payables among Metro and its affiliates (each an "Intercompany Receivable" or "Intercompany Payable" and collectively, the "Intercompany Claims") are included in the Schedules to the extent they are not duplicative of other listed amounts.

The Debtors routinely engaged in intercompany transactions among the Debtors resulting in intercompany accounts payable and accounts receivable. The Debtors have listed the intercompany information for each debtor on Schedule B and Schedule F, as applicable. Summary schedules do not include receivables or payables related to intercompany transactions.

### Inventories, Property and Equipment

Inventories referenced in the Schedules and Statements are stated at current cost. Property and equipment referenced in the Schedules and Statements is stated at cost, net of accumulated depreciation. All inventories, as well as all property and equipment, are presented without consideration of any potential liens.

### Leases and Contracts

The Debtors have not included in the Schedules and Statements any future obligations on any leases. To the extent that there was an amount due as of the Petition Date, the creditor has been included in Schedule F. Unless otherwise stated, all lease agreements have been included in Schedule G.

The business of the Debtors is complex. While commercially-reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. In compiling Schedule G, the Debtors categorized contracts by the type for ease of reference only and do not intend such categorization to denote any significance.

The Debtors have attempted to provide complete lists of all agreements that might be considered to be executory contracts. The Debtors are continuing to review their records and may supplement their Schedules and Statements to the extent necessary. The Debtors hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, or to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired, or been terminated, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, or agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Schedule G generally does not include stand-alone equipment purchase orders. Schedule G does not include agreements that the Debtors have entered into with certain of their advisors.

### Liabilities

Metro allocated liabilities between the prepetition and postpetition periods based on the information available and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, Metro's allocation of liabilities between the pre-petition and post-petition periods may change. The liability information, except where otherwise noted, is listed as of the close of business on September 26, 2012. Accordingly, Metro reserves all rights to amend, supplement or otherwise modify the Schedules and Statements as necessary and appropriate. In addition, the liabilities listed on the Schedules do not reflect any analysis conducted by Metro regarding potential claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, Metro reserves any and all of its rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code or otherwise. The Debtors shall not, however, be required to update the Schedules and Statements.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

**Metro Fuel Oil Corp**
**Case Number: 12-46913**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Net Book Value of Assets

It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources for the Debtors to obtain current market valuations of all of its assets. Accordingly, unless otherwise indicated, the values for assets contained in the Schedules and Statements are net book values as of August 31, 2012. Consequently, amounts ultimately realized from the disposition of the Debtors' assets may materially vary from the stated net book value. Additionally, because the book values of patents, trademarks, and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have been fully depreciated or were expensed by the Debtors for accounting purposes do not appear in the Schedules and Statements because they have no net book value.  Certain of the Debtors' assets are listed in the Schedules and Statements with undetermined values as of the Petition Date because the net book values of these assets may materially differ from fair market values. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets as recorded on Metro's books as of August 31, 2012, and are not based upon any estimate of their current market value.

### Paid Claims

Pursuant to certain interim orders entered by the Bankruptcy Court, Metro has been authorized to pay certain outstanding prepetition obligations. Accordingly, certain outstanding prepetition liabilities may have been reduced by payments made by the Debtors after the Petition Date. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payment for any such liabilities.

### Recharacterization

Metro has made reasonable efforts to characterize, classify, categorize, and/or designate correctly the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of Metro's business, Metro may have improperly characterized, classified, categorized, or designated certain items. Thus, Metro reserves the right to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as additional information becomes available, including whether contracts listed in the Schedules and Statements were executory as of the Petition Date or remain executory post petition.

### Reservation of Rights

Nothing contained in the Schedules and Statements shall constitute a waiver of Metro's rights or an admission with respect to their Chapter 11 cases, including with respect to any issues involving substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws. All rights to object to any claims of any parties and with claims listed on the Schedules are reserved.

### Secured Claims

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserves their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including, without limitation, any inter-company agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary, do not constitute an admission and are not dispositive for any purpose. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any lien. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be an admission, modification, or interpretation of or relating to such agreements.

### Setoffs

The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

### Taxes

Schedule E includes claims to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to ongoing audits, and the Debtors are otherwise unable to determine with certainty the amount of some, if not all, of the claims listed on Schedule E. Therefore, the Debtors have listed all such claims as unliquidated, pending final resolution and liquidation of such claims, including for ongoing audits or other outstanding issues. The Debtors reserve their right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under the Bankruptcy Code.

### Totals

All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown , unliquidated or undetermined amounts, the actual total may differ from the total in the Schedules and Statements.

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Undetermined Amounts

The description of an amount as "unknown" or "undetermined" is not intended to reflect the materiality of such amount.

### Workers Compensation

Workers' compensation claims generally have been excluded from the Schedules and Statements because the Debtors are performing their obligations as required by law and in accordance with applicable court orders.

# STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

Chapter 11

In re:  **Metro Fuel Oil Corp**                                          Case Number:      12-46913

Debtor.

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*     A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*     The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.  Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 1 to the Statement of Financial Affairs**

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two year** immediately preceding the commencement of this case. Give particular If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

**See Attachment 2 to the Statement of Financial Affairs**

**3. Payments to Creditors**

*Complete a. or b., as appropriate, and c.*

None ☑

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐

b.*Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3b to the Statement of Financial Affairs**

None ☐

c.*All debtors:* List all payments made within **one year** immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3c to the Statement of Financial Affairs**

**4. Suits, executions, garnishments, and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 4a to the Statement of Financial Affairs**

None ☐

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**In the ordinary course of business, the Debtors may be obligated to withhold amounts from the paychecks of certain regular employees in connection with garnishment orders or other state law withholding orders. The Debtors believe that these amounts do not constitute property of the estate and, accordingly, are not responsive to this question. Moreover, out of concern for the confidentiality of the Debtors' employees, the Debtors have not listed any such garnishments in response to this question.**

**5. Repossessions, foreclosures, and returns**

None

☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None

☑ a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑ b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None

☐ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 7 to the Statement of Financial Affairs**

**8. Losses**

None

☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 o chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None

☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**See Attachment 9 to the Statement of Financial Affairs**

**10. Other transfers**

None

☑ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None ☐

List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within   **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 13 to the Statement of Financial Affairs**

### 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

**Any property held by the Debtors pursuant to a lease or throughput agreement is included in Schedule G and is not listed herein.**

### 15. Prior address of debtor

None ☑

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑

c. List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location, and names of business**

None ☐

*a. If the debtor is an individual,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six-years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the **six-years** immediately preceding the commencement of this case

*If the debtor is a partnership,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

**See Attachment 18a to the Statement of Financial Affairs**

None ☑

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19.  Books, records and financial statements

None
☐

a.  List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See Attachment 19a to the Statement of Financial Affairs**

None
☐

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**See Attachment 19b to the Statement of Financial Affairs**

None
☐

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

**See Attachment 19c to the Statement of Financial Affairs**

None
☐

d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

**See Attachment 19d to the Statement of Financial Affairs**

### 20.  Inventories

None
☐

a.  List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**See Attachment 20a to the Statement of Financial Affairs**

None
☐

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**See Attachment 20b to the Statement of Financial Affairs**

**21. Current Partners, Officers, Directors and Shareholders**

None  ☑  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None  ☐  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

**See Attachment 21b to the Statement of Financial Affairs**

**22. Former partners, officers, directors, and shareholders.**

None  ☑  a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None  ☐  b.  If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

**See Attachment 22b to the Statement of Financial Affairs**

**23. Withdrawals from a partnership or distributions by a corporation**

None  ☐  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**See Attachment 3c of the Statement of Financial Affairs**

**24. Tax Consolidation Group**

None  ☐  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years** immediately preceding the commencement of this case.

**See Attachment 24 to the Statement of Financial Affairs**

**25. Pension Funds**

None  ☑  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six-years** immediately preceding the commencement of this case.

**Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year.

| Source | Amount |
|---|---|
| FISCAL YEAR 2011 GROSS PROFIT | $16,915,748 |
| FISCAL YEAR 2012 GROSS PROFIT | $959,895 |
| FISCAL YEAR-TO-DATE AUG 31, 2012 GROSS PROFIT | ($812,198) |

**Specific Notes**

Information provided in response to Statement 1 is for fiscal years ended June 30, 2011, June 30, 2012 and the period of July 1, 2012 through August 31, 2012. Amounts listed herein represent gross profits.

**Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.

| Source | Amount |
|---|---|
| FISCAL YEAR 2011 OTHER INCOME | $0 |
| FISCAL YEAR 2012 OTHER INCOME | $0 |
| FISCAL YEAR-TO-DATE AUG 31, 2012 OTHER INCOME | $0 |

**Specific Notes**

Information provided in response to Statement 2 is for fiscal years ended June 30, 2011, June 30, 2012 and the period of July 1, 2012 through August 31, 2012.

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| ADVANCED DIGITAL DATA<br>PO BOX 95000-3710<br>PHILADELPHIA, PA  19195-0001 | | |
| | 8/10/2012 | $3,807 |
| | 8/22/2012 | $3,973 |
| | 9/5/2012 | $3,191 |
| **TOTAL ADVANCED DIGITAL DATA** | | **$10,971** |
| AFLAC NEW YORK<br>REMITTANCE PROCESSING CENTER<br>1932 WYNNTON ROAD<br>COLUMBUS, GA  31999-6010 | | |
| | 7/31/2012 | $1,089 |
| | 8/31/2012 | $1,111 |
| **TOTAL AFLAC NEW YORK** | | **$2,200** |
| ALAN & SUSAN MILLER<br>NOT AVAILABLE | | |
| | 9/19/2012 | $10,000 |
| **TOTAL ALAN & SUSAN MILLER** | | **$10,000** |
| ALBERTSON CONSULTING, LLC<br>35 HILLDALE ROAD<br>ALBERTSON, NY  11507 | | |
| | 8/1/2012 | $2,135 |
| | 8/8/2012 | $2,135 |
| | 8/15/2012 | $2,135 |
| **TOTAL ALBERTSON CONSULTING, LLC** | | **$6,404** |
| ALLIED ADMINISTRATORS FOR DE<br>7 BROAD STREET STE 2N<br>REDBANK, NJ  07701 | | |
| | 7/1/2012 | $2,594 |
| | 8/1/2012 | $3,702 |
| | 9/1/2012 | $7,039 |
| **TOTAL ALLIED ADMINISTRATORS FOR DE** | | **$13,335** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| AMERADA HESS CORP<br>ATTN EXCHANGE ACCOUNTING<br>1 HESS PLAZA<br>WOODBRIDGE , NJ 07095 | | |
| | 7/2/2012 | $50,722 |
| | 7/9/2012 | $171,236 |
| | 7/10/2012 | $1,018 |
| | 7/16/2012 | $41,453 |
| | **TOTAL AMERADA HESS CORP** | **$264,429** |
| AMERICAN EXPRESS<br>PO BOX 1270<br>NEWARK, NJ 10116-2855 | | |
| | 7/2/2012 | $133 |
| | 7/3/2012 | $263 |
| | 7/3/2012 | $9,739 |
| | 7/5/2012 | $15,527 |
| | 7/12/2012 | $998 |
| | 7/12/2012 | $205 |
| | 7/23/2012 | $3,224 |
| | 8/9/2012 | $363 |
| | 8/9/2012 | $754 |
| | 8/11/2012 | $198 |
| | 8/13/2012 | $530 |
| | 8/15/2012 | $5,015 |
| | 8/16/2012 | $539 |
| | 8/23/2012 | $745 |
| | 9/9/2012 | $231 |
| | 9/9/2012 | $1,511 |
| | 9/20/2012 | $298 |
| | 9/25/2012 | $2,849 |
| | 9/25/2012 | $345 |
| | 9/25/2012 | $880 |
| | 9/25/2012 | $4,450 |
| | 9/25/2012 | $1,640 |
| | 9/25/2012 | $1,030 |
| | 9/26/2012 | $875 |
| | 9/26/2012 | $2,221 |
| | 9/26/2012 | $410 |
| | **TOTAL AMERICAN EXPRESS** | **$54,972** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| BANK CHARGES NOT AVAILABLE | | |
| | 7/31/2012 | $17,897 |
| | 8/31/2012 | $1,081 |
| | TOTAL BANK CHARGES | $18,978 |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| BAYSIDE FUEL OIL DEPOT CORP. PO BOX 140128 1776 SHORE PARKWAY BROOKLYN, NY 11214-0002 | | |
| | 7/1/2012 | $113,068 |
| | 7/2/2012 | $9,901 |
| | 7/3/2012 | $82,448 |
| | 7/4/2012 | $103,078 |
| | 7/5/2012 | $119,958 |
| | 7/6/2012 | $40,758 |
| | 7/9/2012 | $32,662 |
| | 7/10/2012 | $52,424 |
| | 7/11/2012 | $25,606 |
| | 7/12/2012 | $15,971 |
| | 7/13/2012 | $22,411 |
| | 7/15/2012 | $51,562 |
| | 7/16/2012 | $9,843 |
| | 7/17/2012 | $17,570 |
| | 7/18/2012 | $77,440 |
| | 7/19/2012 | $123,857 |
| | 7/20/2012 | $51,277 |
| | 7/22/2012 | $109,785 |
| | 7/23/2012 | $45,039 |
| | 7/25/2012 | $167,622 |
| | 7/26/2012 | $60,107 |
| | 7/27/2012 | $30,339 |
| | 8/3/2012 | $74,895 |
| | 8/6/2012 | $422,991 |
| | 8/7/2012 | $40,224 |
| | 8/10/2012 | $91,975 |
| | 8/13/2012 | $421,156 |
| | 8/14/2012 | $58,278 |
| | 8/15/2012 | $40,134 |
| | 8/17/2012 | $163,539 |
| | 8/20/2012 | $120,551 |
| | 8/21/2012 | $128,791 |
| | 8/22/2012 | $128,651 |
| | 8/23/2012 | $126,827 |
| | 8/24/2012 | $124,778 |
| | 8/27/2012 | $827,213 |
| | 8/28/2012 | $188,165 |
| | 8/29/2012 | $213,833 |
| | 8/30/2012 | $203,233 |
| | 8/31/2012 | $212,156 |
| | 9/4/2012 | $553,748 |
| | 9/5/2012 | $270,239 |
| | 9/6/2012 | $284,400 |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| | 9/7/2012 | $164,381 |
| | 9/7/2012 | $82,667 |
| | 9/10/2012 | $515,295 |
| | 9/11/2012 | $425,593 |
| | 9/11/2012 | $118,300 |
| **TOTAL BAYSIDE FUEL OIL DEPOT CORP.** | | **$7,364,737** |
| BROADVIEW NETWORKS<br>PO BOX 1191<br>PORT CHESTER, NY 10573-1191 | | |
| | 7/31/2012 | $6,229 |
| | 8/3/2012 | $6,253 |
| **TOTAL BROADVIEW NETWORKS** | | **$12,482** |
| CAPACITY GROUP OF NY, LLC<br>900 MERCHANTS CONCOURSE<br>SUITE 414<br>WESTBURY, NY 11590 | | |
| | 7/23/2012 | $3,911 |
| | 8/6/2012 | $155,000 |
| | 9/19/2012 | $8,000 |
| **TOTAL CAPACITY GROUP OF NY, LLC** | | **$166,911** |
| CITI AADVANTAGE BUSINESS CAR<br>PO BOX 182564<br>COLUMBUS, OH 43218-2564 | | |
| | 7/5/2012 | $60,411 |
| | 7/13/2012 | $11,028 |
| | 7/28/2012 | $4,054 |
| | 8/9/2012 | $17,776 |
| | 8/13/2012 | $23,578 |
| | 9/17/2012 | $16,267 |
| | 9/25/2012 | $9,665 |
| | 9/25/2012 | $20,589 |
| | 9/26/2012 | $9,956 |
| **TOTAL CITI AADVANTAGE BUSINESS CAR** | | **$173,325** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| CREMER & ASSOCIATES LLP<br>445 BROADHOLLOW ROAD<br>SUITE 216<br>MELVILLE, NY 11747 | | |
| | 8/17/2012 | $9,500 |
| **TOTAL CREMER & ASSOCIATES LLP** | | **$9,500** |
| EASTERN AVIATION FUELS, INC<br>601 MC CARTHY BLVD.<br>NEW BERN, NC 28562 | | |
| | 7/5/2012 | $23,221 |
| | 7/17/2012 | $36,615 |
| | 7/24/2012 | $6,333 |
| | 7/30/2012 | $8,070 |
| | 7/31/2012 | $18,311 |
| | 8/6/2012 | $8,333 |
| | 8/15/2012 | $11,526 |
| | 8/20/2012 | $11,615 |
| | 9/7/2012 | $28,624 |
| | 9/11/2012 | $14,360 |
| | 9/20/2012 | $10,775 |
| | 9/24/2012 | $21,351 |
| | 9/26/2012 | $35 |
| **TOTAL EASTERN AVIATION FUELS, INC** | | **$199,170** |
| EMPIRE HEALTHCHOICE ASSURANC<br>PO BOX 9048<br>CHURCH STREET STATION<br>NEW YORK, NY 10256-9048 | | |
| | 7/1/2012 | $22,746 |
| | 8/2/2012 | $15,138 |
| | 9/1/2012 | $884 |
| | 9/1/2012 | $19,754 |
| | 9/1/2012 | $884 |
| **TOTAL EMPIRE HEALTHCHOICE ASSURANC** | | **$59,407** |
| FIRST CLEANING LLC<br>1 NORTH JEFFERSON<br>ST LOUIS, MO 63103 | | |
| | 9/26/2012 | $25,000 |
| **TOTAL FIRST CLEANING LLC** | | **$25,000** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| FIRST INSURANCE FUNDING CORP<br>8075 INNOVATION WAY<br>CHICAGO, IL  60682 | | |
| | 9/1/2012 | $122,278 |
| **TOTAL FIRST INSURANCE FUNDING CORP** | | **$122,278** |
| HEALTH PASS<br>7120 LAKE ELLENOR DRIVE<br>ORLANDO, FL  32809-5721 | | |
| | 7/1/2012 | $5,319 |
| | 8/20/2012 | $5,703 |
| | 9/5/2012 | $5,229 |
| **TOTAL HEALTH PASS** | | **$16,251** |
| HSBC<br>452 5TH AVENUE<br>NEW YORK, NY 10018 | | |
| | 9/13/2012 | $130,000 |
| **TOTAL HSBC** | | **$130,000** |
| INFINITE ENERGY CORP<br>5TH FL<br>909 THIRD AVE<br>NEW YORK, NY 10022 | | |
| | 9/20/2012 | $126,903 |
| | 9/21/2012 | $325,000 |
| | 9/26/2012 | $100,000 |
| **TOTAL INFINITE ENERGY CORP** | | **$551,903** |
| INSURANCE<br>NOT AVAILABLE | | |
| | 7/31/2012 | $29,813 |
| | 8/31/2012 | $29,813 |
| **TOTAL INSURANCE** | | **$59,626** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| IPFS CORPORATION<br>BOX 9045<br>NEW YORK, NY 10087-9045 | | |
| | 7/1/2012 | $3,139 |
| | 8/1/2012 | $3,139 |
| | 8/13/2012 | $1,780 |
| | 9/1/2012 | $3,139 |
| | 9/11/2012 | $1,780 |
| | **TOTAL IPFS CORPORATION** | **$12,978** |
| JOHN HANCOCK FINANCIAL SERVICES, INC.<br>E C DIVISION X-4<br>SUITE 1303<br>BOSTON, MA 02117-1300 | | |
| | 7/31/2012 | $192 |
| | 7/31/2012 | $2,882 |
| | 7/31/2012 | $10,392 |
| | 7/31/2012 | $10,472 |
| | 7/31/2012 | $10,818 |
| | 7/31/2012 | $11,366 |
| | 8/31/2012 | $10,044 |
| | 8/31/2012 | $11,306 |
| | 8/31/2012 | $10,416 |
| | 8/31/2012 | $10,114 |
| | 8/31/2012 | $10,401 |
| | **TOTAL JOHN HANCOCK FINANCIAL SERVICES, INC.** | **$98,402** |
| JP MORGAN CLEARING<br>SUITE1 METROTECH ROADWAY<br>BROOKLYN, NY 11201 | | |
| | 9/13/2012 | $70,000 |
| | **TOTAL JP MORGAN CLEARING** | **$70,000** |
| LIPA<br>PO BOX 9039<br>HICKSVILLE, NY 11802-9039 | | |
| | 7/12/2012 | $334 |
| | 7/12/2012 | $568 |
| | 8/20/2012 | $1,045 |
| | 9/17/2012 | $839 |
| | 9/20/2012 | $3,209 |
| | **TOTAL LIPA** | **$5,995** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| METLIFE<br>PO BOX 804466<br>KANSAS CITY, MO  64180-4466 | | |
| | 7/1/2012 | $988 |
| | 7/20/2012 | $2,453 |
| | 8/23/2012 | $2,435 |
| | 9/1/2012 | $1,056 |
| | **TOTAL METLIFE** | **$6,932** |
| MGY MECHANICAL LLC<br>520 WITTICH TERRACE<br>RIVER VALE, NJ  07675 | | |
| | 7/2/2012 | $4,000 |
| | 7/23/2012 | $4,000 |
| | 8/1/2012 | $8,000 |
| | 8/13/2012 | $4,000 |
| | 8/20/2012 | $4,000 |
| | 8/21/2012 | $4,000 |
| | **TOTAL MGY MECHANICAL LLC** | **$28,000** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| MOTIVA ENTERPRISES LLC<br>PO BOX 201755<br>HOUSTON, TX 77216 | | |
| | 7/2/2012 | $78,851 |
| | 7/5/2012 | $130,528 |
| | 7/6/2012 | $160,460 |
| | 7/9/2012 | $140,188 |
| | 7/16/2012 | $153,637 |
| | 7/17/2012 | $17,833 |
| | 7/19/2012 | $86,050 |
| | 7/20/2012 | $189,942 |
| | 7/23/2012 | $81,960 |
| | 7/26/2012 | $88,030 |
| | 7/27/2012 | $72,016 |
| | 7/30/2012 | $152,140 |
| | 7/31/2012 | $27,505 |
| | 8/2/2012 | $77,377 |
| | 8/3/2012 | $65,227 |
| | 8/6/2012 | $114,265 |
| | 8/7/2012 | $29,767 |
| | 8/9/2012 | $80,512 |
| | 8/13/2012 | $208,458 |
| | 8/16/2012 | $48,640 |
| | 8/17/2012 | $60,349 |
| | 8/20/2012 | $171,242 |
| | 8/23/2012 | $68,157 |
| | 8/24/2012 | $38,064 |
| | 8/27/2012 | $257,446 |
| | 8/30/2012 | $108,953 |
| | 8/31/2012 | $30,787 |
| | 9/7/2012 | $66,842 |
| | 9/10/2012 | $88,126 |
| | 9/11/2012 | $2,679 |
| | **TOTAL MOTIVA ENTERPRISES LLC** | **$2,896,028** |
| NEW YORK COMMERCIAL BANK<br>615 MERRICK AV<br>WESTBURY, NY 11590 | | |
| | 7/2/2012 | $138,251 |
| | 8/1/2012 | $138,250 |
| | 9/4/2012 | $138,251 |
| | **TOTAL NEW YORK COMMERCIAL BANK** | **$414,753** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| NIC HOLDING CORP.<br>25 MELVILLE PARK ROAD<br>SUITE 210<br>MELVILLE, NY 11747 | | |
| | 6/29/2012 | $290,491 |
| | 7/2/2012 | $182,404 |
| | 7/2/2012 | $259,369 |
| | 7/2/2012 | $172,166 |
| | 7/3/2012 | $37,629 |
| | 7/5/2012 | $179,415 |
| | 7/6/2012 | $89,481 |
| | 7/9/2012 | $266,356 |
| | 7/9/2012 | $242,546 |
| | 7/9/2012 | $158,219 |
| | 7/10/2012 | $17,195 |
| | 7/12/2012 | $387,554 |
| | 7/13/2012 | $258,658 |
| | 7/16/2012 | $23,428 |
| | 7/16/2012 | $375,717 |
| | 7/16/2012 | $268,704 |
| | 7/17/2012 | $89,142 |
| | 7/18/2012 | $42,063 |
| | 7/19/2012 | $269,260 |
| | 7/20/2012 | $130,767 |
| | 7/20/2012 | $411,829 |
| | 7/23/2012 | $394,352 |
| | 7/23/2012 | $223,166 |
| | 7/24/2012 | $42,917 |
| | 7/25/2012 | $70,802 |
| | 7/26/2012 | $364,922 |
| | 7/27/2012 | $340,470 |
| | 7/30/2012 | $11,376 |
| | 7/30/2012 | $230,145 |
| | 7/30/2012 | $279,643 |
| | 8/2/2012 | $186,009 |
| | 8/3/2012 | $149,957 |
| | 8/6/2012 | $127,553 |
| | 8/6/2012 | $125,516 |
| | 8/6/2012 | $122,984 |
| | 8/7/2012 | $81,893 |
| | 8/8/2012 | $36,201 |
| | 8/9/2012 | $205,568 |
| | 8/10/2012 | $160,002 |
| | 8/13/2012 | $135,106 |
| | 8/13/2012 | $274,247 |
| | 8/13/2012 | $89,895 |
| | 8/14/2012 | $36,891 |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| | 8/15/2012 | $73,769 |
| | 8/16/2012 | $273,482 |
| | 8/17/2012 | $182,632 |
| | 8/20/2012 | $230,117 |
| | 8/20/2012 | $119,045 |
| | 8/20/2012 | $322,091 |
| | 8/22/2012 | $38,059 |
| | 8/23/2012 | $244,688 |
| | 8/24/2012 | $350,651 |
| | 8/27/2012 | $160,999 |
| | 8/27/2012 | $218,291 |
| | 8/27/2012 | $106,335 |
| | 8/30/2012 | $211,539 |
| | 8/31/2012 | $167,200 |
| | 9/4/2012 | $122,237 |
| | 9/4/2012 | $249,258 |
| | 9/4/2012 | $40,068 |
| | 9/4/2012 | $231,572 |
| | 9/5/2012 | $39,428 |
| | 9/6/2012 | $231,497 |
| | 9/7/2012 | $285,000 |
| | 9/10/2012 | $157,565 |
| | 9/10/2012 | $174,159 |
| | 9/10/2012 | $277,901 |
| | 9/19/2012 | $197,498 |
| | 9/20/2012 | $192,256 |
| | 9/21/2012 | $191,067 |
| | 9/24/2012 | $151,208 |
| | 9/25/2012 | $232,841 |
| **TOTAL NIC HOLDING CORP.** | | **$13,314,458** |
| | | |
| OXFORD HEALTH PLANS PO BOX 1368 NEWARK, NJ 07101-1368 | | |
| | 7/1/2012 | $25,336 |
| | 8/1/2012 | $25,336 |
| | 9/1/2012 | $25,336 |
| **TOTAL OXFORD HEALTH PLANS** | | **$76,008** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| PHILLIPS 66  COMPANY<br>22342 NETWORK PL<br>CHICAGO, IL  60673-1223 | | |
| | 6/29/2012 | $128,841 |
| | 7/2/2012 | $11,177 |
| | 7/3/2012 | $12,780 |
| | 7/5/2012 | $48,072 |
| | 7/6/2012 | $291,143 |
| | 7/9/2012 | $383,106 |
| | 7/10/2012 | $65,616 |
| | 7/11/2012 | $55,347 |
| | 7/12/2012 | $86,041 |
| | 7/16/2012 | $24,666 |
| | 7/17/2012 | $16,804 |
| | 7/19/2012 | $54,169 |
| | 7/20/2012 | $309,225 |
| | 7/23/2012 | $180,351 |
| | 7/24/2012 | $36,206 |
| | 7/26/2012 | $66,579 |
| | 7/27/2012 | $80,317 |
| | 7/30/2012 | $175,884 |
| | 7/31/2012 | $11,217 |
| | 8/1/2012 | $11,588 |
| | 8/2/2012 | $48,976 |
| | 8/3/2012 | $195,862 |
| | 8/6/2012 | $105,944 |
| | 8/7/2012 | $12,212 |
| | 8/9/2012 | $46,825 |
| | 8/10/2012 | $75,542 |
| | 8/13/2012 | $207,256 |
| | 8/14/2012 | $54,862 |
| | 8/16/2012 | $54,975 |
| | 8/17/2012 | $107,343 |
| | 8/20/2012 | $139,360 |
| | 8/21/2012 | $16,536 |
| | 8/23/2012 | $60,865 |
| | 8/24/2012 | $65,159 |
| | 8/27/2012 | $157,140 |
| | 8/28/2012 | $33,933 |
| | 8/29/2012 | $21,958 |
| | 8/30/2012 | $52,065 |
| | 8/31/2012 | $235,706 |
| | 9/4/2012 | $193,298 |
| | 9/6/2012 | $45,477 |
| | 9/7/2012 | $114,724 |
| | 9/10/2012 | $60,528 |
| | 9/11/2012 | $31,217 |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| | **TOTAL PHILLIPS 66  COMPANY** | **$4,186,890** |
| PORTOFINO TOWERS<br>300 SOUTH POINTE DR.<br>MIAMI BEACH, FL 33139 | | |
| | 7/1/2012 | $1,793 |
| | 7/1/2012 | $1,793 |
| | 8/1/2012 | $1,793 |
| | 8/1/2012 | $1,793 |
| | 9/1/2012 | $1,793 |
| | 9/1/2012 | $1,793 |
| | **TOTAL PORTOFINO TOWERS** | **$10,760** |
| PURCHASE POWER<br>PO BOX 856042<br>LOUISVILLE, KY  40285-6042 | | |
| | 7/5/2012 | $2,050 |
| | 8/6/2012 | $2,000 |
| | 8/31/2012 | $200 |
| | 9/9/2012 | $2,000 |
| | 9/20/2012 | $200 |
| | **TOTAL PURCHASE POWER** | **$6,450** |
| TRANSFIRST<br>1393 VETERANS MEMORIAL HIGHWAY<br>HAUPPAUGE, NY 11788 | | |
| | 7/31/2012 | $4,364 |
| | 8/31/2012 | $4,072 |
| | **TOTAL TRANSFIRST** | **$8,436** |
| ULTRA GREEN<br>141 WEST JACKSON BLVD<br>SUITE 3736<br>CHICAGO, IL 60604 | | |
| | 9/24/2012 | $42,412 |
| | **TOTAL ULTRA GREEN** | **$42,412** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|
| UNIVERSAL GREASE CONSOLIDATORS INC<br>201 MONTAUK HIGHWAY<br>WESTHAMPTON BEACH, NY 11978 | | |
| | 9/26/2012 | $19,485 |
| **TOTAL UNIVERSAL GREASE CONSOLIDATORS INC** | | **$19,485** |
| VANNA FUEL<br>7-36 152ND STREET<br>WHITESTONE, NY 11357 | | |
| | 8/10/2012 | $5,962 |
| **TOTAL VANNA FUEL** | | **$5,962** |
| WELLS FARGO<br>420 MONTGOMERY STREET<br>SAN FRANCISCO, CA 94104 | | |
| | 7/1/2012 | $7,830 |
| | 8/1/2012 | $7,830 |
| | 9/1/2012 | $7,830 |
| **TOTAL WELLS FARGO** | | **$23,490** |
| WEST INDIA DEVELOPMENT LLC<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | | |
| | 7/31/2012 | $1,000 |
| | 8/31/2012 | $8,000 |
| **TOTAL WEST INDIA DEVELOPMENT LLC** | | **$9,000** |
| WRIGHT EXPRESS FSC<br>PO BOX 5727<br>CAROL STREAM, IL 60197-5727 | | |
| | 7/9/2012 | $4,788 |
| | 8/18/2012 | $2,705 |
| | 9/20/2012 | $1,955 |
| | 9/26/2012 | $2,781 |
| **TOTAL WRIGHT EXPRESS FSC** | | **$12,229** |

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850

| Name And Address Of Creditor | Dates of Payments | Amount Paid Or Value Of Transfers |
| --- | --- | --- |
| | **TOTAL** | **$30,520,545** |

Specific Notes

Disbursements and other transfers identified in Statement 3b are made through the cash management system described in the Interim Order Authorizing the Debtors to (I) Continue to Operate the Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms and (IV) Grant Administrative Claims and Perform Certain Intercompany Arrangements and Historical Practices (ECF 36)

For purposes of Statement 3b, the dates set forth in the "Dates of Payment" column relate to one of the following: (i) the date of a wire transfer; (ii) the date of an "EFT" transaction; or (iii) the issuance date for a check.

Attachment 3b does not include any payments and transfers among the Debtors and their insiders or affiliates, payments to Paychex related to ordinary course payroll, or payments otherwise listed in response to Question 9.

**Metro Fuel Oil Corp.**
**Case Number: 12-46913**

**Payments to creditors**

**List of all payment made within one year immediately preceding the commencment of this case to or for the benefit of creditors who are or were insiders**

### 3c. Payments made to insiders within the period of September 27, 2011 through September 26, 2012

| Name | Base Compensation | Expense Reimbursement | Retirement Contributions | Other Payments | Total |
|---|---|---|---|---|---|
| Anthony Valente | $ 200,550 | $ 12,972 | $ - | $ - | $ 213,522 |
| Cathy Balasz | 46,800 | | 1,404 | - | 48,204 |
| Gene V. Pullo | 300,000 | | 9,812 | 819,281 | 1,129,093 |
| Paul J. Pullo | 300,000 | | 9,812 | 616,127 | 925,939 |
| Paul J. Pullo III | 60,000 | | 2,438 | - | 62,438 |
| Paul Pullo Sr. | 28,184 | | - | 79,557 | 107,741 |
| **Total Payments** | **$ 935,534** | **$ 12,972** | **$ 23,466** | **$ 1,514,965** | **$ 2,486,937** |

**(1) Base compensation represents weekly gross pay over the applicable period.**

**Suits and administrative proceedings, executions, garnishments and attachments**

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case

| <u>Caption Of Suit And Case Number</u> | <u>Nature Of Proceeding</u> | <u>Court Or Agency And Location</u> | <u>Status Or Disposition</u> |
|---|---|---|---|
| METRO FUEL OIL CORP V. FOXIES AT THE MARINA | LAWSUIT - COLLECTIONS | | PENDING |
| METRO FUEL OIL CORP V. 333 E. 176 STREET REALTY CORP. | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | JUDGMENT ENTERED |
| METRO FUEL OIL CORP V. ABCC CLEANERS CORP. ET AL | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | JUDGMENT ENTERED |
| METRO FUEL OIL CORP V. 140-65 BEECH AVENUE OWNERS CORP AND TRIBOR MANAGEMENT, INC. | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | ANSWER FILED |
| METRO FUEL OIL CORP V. ALTERRA AMERICAN INSURANCE COMPANY F/K/A MAX AMERICA INSURANCE COMPANY | INSURANCE COVERAGE | EDNY BROOKLYN, NY | ANSWER FILED |
| METRO FUEL OIL CORP V. ARIJAY TRIMMING | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. BEST GREEN CLEANERS & LAUNDRY INC. | LAWSUIT - COLLECTIONS | QUEENS COUNTY QUEENS, NY | PENDING |
| METRO FUEL OIL CORP V. ROYEN WEDDENBURN | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. LEE FAMILY CLEANERS CORP | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. MARCIA CAMPBELL | LAWSUIT - COLLECTIONS | BRONX COUNTY BRONX, NY | PENDING |
| METRO FUEL OIL CORP V. COLON DRY CLEANERS | LAWSUIT - COLLECTIONS | BRONX COUNTY BRONX, NY | PENDING |
| METRO FUEL OIL CORP V. REGINALD HUMPHREY | LAWSUIT - COLLECTIONS | BRONX COUNTY BRONX, NY | PENDING |
| METRO FUEL OIL CORP V. CHARLES S NEMSER | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. TILMA & MOHAN RAM | LAWSUIT - COLLECTIONS | QUEENS COUNTY QUEENS, NY | PENDING |
| METRO FUEL OIL CORP V. ALVIN BROWN | LAWSUIT - COLLECTIONS | NASSAU COUNTY DISTRICT COURT - 2ND DISTRICT HEMPSTEAD, NY | PENDING |
| METRO FUEL OIL CORP V. ANGELO ATRIA | LAWSUIT - COLLECTIONS | QUEENS COUNTY QUEENS, NY | PENDING |
| METRO FUEL OIL CORP V. SARAH POLITE BATES | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. MICHAEL J ANTONUCCI | LAWSUIT - COLLECTIONS | NASSAU COUNTY DISTRICT COURT - 2ND DISTRICT HEMPSTEAD, NY | PENDING |
| METRO FUEL OIL CORP V. BERSERKER FILMS LLC | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |

**Suits and administrative proceedings, executions, garnishments and attachments**

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case

| Caption Of Suit And Case Number | Nature Of Proceeding | Court Or Agency And Location | Status Or Disposition |
|---|---|---|---|
| METRO FUEL OIL CORP V. NIEVES GONZALEZ | LAWSUIT - COLLECTIONS | BRONX COUNTY BRONX, NY | PENDING |
| METRO FUEL OIL CORP V. JONEL CLEANERS | LAWSUIT - COLLECTIONS | QUEENS COUNTY QUEENS, NY | PENDING |
| METRO FUEL OIL CORP V. SHLOMO R GARTENHAUS | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. IGNACIO PEREZ | LAWSUIT - COLLECTIONS | QUEENS COUNTY QUEENS, NY | PENDING |
| METRO FUEL OIL CORP V. QUADROZZI EQUIPMENT LEASING | LAWSUIT - COLLECTIONS | KINGS COUNTY BROOKLYN, NY | PENDING |
| METRO FUEL OIL CORP V. CORONA FUEL CORP. ET AL | LAWSUIT - COLLECTIONS |  | PENDING |
| ANTONIO VELASQUEZ, JR. V. METRO FUEL OIL CORP AND APOLLO PETROLEUM TRANSPORT, LLC | DISCRIMINATION | EDNY BROOKLYN, NY | PENDING |

**Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient

| Name And Address Of Recipient | Date Of Gift | Description | Value of Gift |
|---|---|---|---|
| AMERICAN CANCER SOCIETY<br>17 EASTERN PARKWAY, 5TH FLOOR<br>ATTN: BERGEN BEACH RELAY<br>BROOKLYN, NY 11238 | 4/6/2012 | DONATION | $500 |
| AMERICAN KIDNEY FUND<br>PO BOX 1837<br>MERRIFIELD, VA 22116-8037 | 3/6/2012 | DONATION | $25 |
| BISHOP LOUGHLIN MHS<br>357 CLERMONT AVENUE<br>BROOKLYN, NY 11238-9808 | 12/20/2011 | DONATION | $250 |
| BOY SCOUT OF AMERICA OF NY<br>350 FIFTH AVENUE<br>SUITE 7820<br>NEW YORK, NY 10118 | 12/19/2011 | DONATION | $500 |
| BOY SCOUT OF AMERICA OF NY<br>350 FIFTH AVENUE<br>SUITE 7820<br>NEW YORK, NY 10118 | 3/2/2012 | DONATION | $450 |
| CHILD CENTER OF NEW YORK<br>60-02 QUEENS BOULEVARD<br>WOODSIDE, NY 11377 | 3/2/2012 | DONATION | $500 |
| CONVENT OF THE SACRED HEART<br>1 EAST 91ST STREET<br>NEW YORK, NY 10128-0689 | 1/23/2012 | DONATION | $180 |
| CONVENT OF THE SACRED HEART<br>1 EAST 91ST STREET<br>NEW YORK, NY 10128-0689 | 1/23/2012 | DONATION | $80 |
| CONVENT OF THE SACRED HEART<br>1 EAST 91ST STREET<br>NEW YORK, NY 10128-0689 | 4/27/2012 | DONATION | $100 |
| COUNCIL OF AIRLINE MAI<br>JAMAICA, NY | 6/13/2012 | DONATION | $250 |
| DIVINE WISDOM CATHOLIC ACADEMY-<br>45-11 245TH STREET<br>DOUGLASTON, NY 11362 | 10/7/2011 | DONATION | $500 |
| DOE FUND<br>232 EAST 84TH STREET<br>NEW YORK, NY 10028 | 10/13/2011 | DONATION | $4,050 |
| DOE FUND<br>232 EAST 84TH STREET<br>NEW YORK, NY 10028 | 11/10/2011 | DONATION | $100 |
| DON BOSCO COLUMBIETTES<br>729 METROPOLITAN AVENUE<br>BROOKLYN, NY 11211 | 11/28/2011 | DONATION | $100 |

**Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient

| Name And Address Of Recipient | Date Of Gift | Description | Value of Gift |
|---|---|---|---|
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 10/28/2011 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 10/28/2011 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 11/23/2011 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 12/23/2011 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 1/19/2012 | DONATION | $125 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 5/16/2012 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 6/25/2012 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 7/23/2012 | DONATION | $125 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 8/21/2012 | DONATION | $100 |
| FAITH DIRECT NY<br>601 S. WASHINGTON STREET<br>ALEXANDRIA, VA 22314-3004 | 9/26/2012 | DONATION | $125 |
| FDNY FOUNDATION<br>9 METROTECH CENTER<br>RM 5E-10<br>BROOKLYN, NY 11201 | 5/3/2012 | DONATION | $1,250 |
| GREENPOINT LIONS CLUB<br>LION EDITH SCHKRUTZ<br>75 NEWELL STREET<br>BROOKLYN, NY 11222 | 10/6/2011 | DONATION | $200 |
| GREENPOINT LIONS CLUB<br>LION EDITH SCHKRUTZ<br>75 NEWELL STREET<br>BROOKLYN, NY 11222 | 11/9/2011 | DONATION | $500 |
| GREENPOINT MONITOR MUSEUM<br>PO BOX 220378<br>BROOKLYN, NY 11222-0378 | 1/20/2012 | DONATION | $500 |

**Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient

| Name And Address Of Recipient | Date Of Gift | Description | Value of Gift |
|---|---|---|---|
| GREENPOINT PULASKI PARADE COMMITTEE<br>C/O MR. MICHAEL PAJAK<br>134 GREENPOINT AVENUE<br>BROOKLYN, NY 11222 | 5/14/2012 | DONATION | $380 |
| GREENPOINT YMCA<br>99 MESEROLE AVENUE<br>BROOKLYN, NY 11222 | 7/19/2012 | DONATION | $2,500 |
| ILLUMINATIONS BY ARNOLD<br>C/O MR. GUIDO CIANCIOTTA<br>231 WITHERS STREET<br>BROOKLYN, NY 11211 | 11/28/2011 | DONATION | $150 |
| JUVENILE DIABETES RESEARCH FOUNDATION<br>NEW YORK CHAPTER<br>381 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | 10/21/2011 | DONATION | $100 |
| JUVENILE DIABETES RESEARCH FOUNDATION<br>NEW YORK CHAPTER<br>381 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | 11/1/2011 | DONATION | $40 |
| JUVENILE DIABETES RESEARCH FOUNDATION<br>NEW YORK CHAPTER<br>381 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | 11/1/2011 | DONATION | $100 |
| JUVENILE DIABETES RESEARCH FOUNDATION<br>NEW YORK CHAPTER<br>381 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | 11/25/2011 | DONATION | $300 |
| JUVENILE DIABETES RESEARCH FOUNDATION<br>NEW YORK CHAPTER<br>381 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | 12/19/2011 | DONATION | $950 |
| LEAN ON ME BREAST CANCER NETWORK INC.<br>1010 NORTHERN BLVD., SUITE 102<br>GREAT NECK, NY 11021 | 4/10/2012 | DONATION | $500 |
| LEAN ON ME BREAST CANCER NETWORK INC.<br>1010 NORTHERN BLVD., SUITE 102<br>GREAT NECK, NY 11021 | 4/13/2012 | DONATION | $300 |
| MARY MANNING WALSH HOME<br>MARY MANNING WALSH HOME<br>1339 YORK AVENUE<br>NEW YORK, NY 10021 | 6/7/2012 | DONATION | $500 |
| METRO WATERFRONT CHARITIES<br>NOT AVAILABLE | 12/13/2011 | DONATION | $3,100 |
| METRO WATERFRONT CHARITIES<br>241 WATER STREET, 3RD FLOOR<br>NEW YORK, NY 10038 | 6/13/2012 | DONATION | $2,500 |

**Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient

| Name And Address Of Recipient | Date Of Gift | Description | Value of Gift |
|---|---|---|---|
| MOST PRECIOUS BLOOD SCHOOL<br>32-52 37TH STREET<br>LONG ISLAND CITY, NY 11103 | 10/12/2011 | DONATION | $100 |
| MOST PRECIOUS BLOOD SCHOOL<br>32-52 37TH STREET<br>LONG ISLAND CITY, NY 11103 | 2/17/2012 | DONATION | $100 |
| MOST PRECIOUS BLOOD SCHOOL<br>32-52 37TH STREET<br>LONG ISLAND CITY, NY 11103 | 4/16/2012 | DONATION | $100 |
| NAG<br>110 KENT AVENUE<br>ATTN: MICHELLE RODECKER<br>BROOKLYN, NY 11211 | 6/1/2012 | DONATION | $1,000 |
| NEWTOWN CREEK ALLIANCE<br>597 LEONARD STREET<br>BROOKLYN, NY 11222 | 11/8/2011 | DONATION | $1,000 |
| OPEN SPACE ALLIANCE<br>79 N 11TH ST<br>BROOKLYN, NY 11249 | 6/12/2012 | DONATION | $1,000 |
| OSIA NYS GRAND LODGE<br>2101 BELLMORE AVENUE<br>BELLMORE, NY 11710-5605 | 3/21/2012 | DONATION | $200 |
| OUR LADY OF MOUNT CARMEL CHURCH<br>275 NORTH 8TH STREET<br>BROOKLYN, NY 11211 | 6/12/2012 | DONATION | $20 |
| OUR LADY OF MOUNT CARMEL CHURCH<br>275 NORTH 8TH STREET<br>BROOKLYN, NY 11211 | 6/12/2012 | DONATION | $750 |
| POCAHONTAS DEMOCRATIC CLUB<br>28-27 48TH STREET<br>ASTORIA, NY 11103 | 5/10/2012 | DONATION | $150 |
| SENECA CLUB<br>C/O STEVE COHEN<br>16 COURT STREET<br>BROOKLYN, NY 11241 | 5/15/2012 | DONATION | $95 |
| SIMPLY SENSATIONAL INC.<br>260 QUINCY STREET<br>BROOKLYN, NY 11216 | 11/29/2011 | DONATION | $100 |
| ST. BARBARA'S PHILOPTOCHUS<br>C/O BARBARA SKENDERIS<br>3532 RIVERSIDE DRIVE<br>OCEANSIDE, NY 11572 | 1/31/2012 | DONATION | $250 |
| ST. DEMETRIOS GREEK ORTHODOX CHURCH<br>2421 HEWLETT AVENUE<br>MERRICK, NY 11566 | 6/1/2012 | DONATION | $800 |

**Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient

| Name And Address Of Recipient | Date Of Gift | Description | Value of Gift |
|---|---|---|---|
| ST. JOHN'S EVENT<br>NOT AVAILABLE | 4/19/2012 | DONATION | $50 |
| ST. JOHN'S PREP<br>ALUMNI ASSOCIATION<br>21-21 CRESCENT STREET<br>ASTORIA, NY 11105 | 3/27/2012 | DONATION | $100 |
| ST. JOSEPH CATHOLIC SCHOOL PTA<br>7 PROSPECT AVE<br>ATTN: LORRAINE LEVANO<br>GARDEN CITY, NY 11530 | 12/20/2011 | DONATION | $250 |
| ST. NICKS ALLIANCE<br>11-29 CATHERINE STREET<br>BROOKLYN, NY 11211 | 10/5/2011 | DONATION | $1,000 |
| ST. STANISLAUS MEMORIAL POST #1771<br>P.C. FRED SCHWALLY<br>124 NORMAN AVE<br>BROOKLYN, NY 11222 | 5/15/2012 | DONATION | $500 |
| ST. STAN'S ATHLETIC<br>NOT AVAILABLE | 10/6/2011 | DONATION | $1,500 |
| STRATHMORE-VANDERBILT<br>260 COUNTRY CLUB DRIVE<br>MANHASSET, NY 11030 | 11/29/2011 | DONATION | $100 |
| THE RIVERHEAD PROJECT, RIVERHEAD NY<br>300 EAST MAIN STREET<br>NEW YORK, NY 11901 | 6/12/2012 | DONATION | $226 |
| THE TABLET - BRIGHT CHRISTMAS<br>1712 TENTH AVENUE<br>BROOKLYN, NY 11215-6215 | 12/19/2011 | DONATION | $100 |
| UNKNOWN RECIPIENT<br>NOT AVAILABLE | 12/9/2011 | DONATION | $219 |
| UNKNOWN RECIPIENT<br>NOT AVAILABLE | 4/3/2012 | DONATION | $600 |
| UNKNOWN RECIPIENT<br>NOT AVAILABLE | 5/15/2012 | DONATION | $700 |
| UNKNOWN RECIPIENT<br>NOT AVAILABLE | 9/26/2012 | DONATION | $40 |
| USS MONITOR<br>NOT AVAILABLE | 2/28/2012 | DONATION | $500 |
| WM FLOYD SEPTO<br>NOT AVAILABLE | 10/12/2011 | DONATION | $100 |

**Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient

| Name And Address Of Recipient | Date Of Gift | Description | Value of Gift |
|---|---|---|---|
| | | **TOTAL** | $34,179 |

**Specific Notes**

While every reasonable effort has been made to ensure that the gifts listed in response to Question 7 include all gifts made, certain gifts may have inadvertently been omitted from the Schedules and Statements.

**Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case

| Name And Address Of Payee | Date Of Payment, Name of Payer If Other Than Debtor | Amount Of Money Or Description And Value Of Property |
|---|---|---|
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 7/3/2012 | $50,000 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 7/10/2012 | $50,000 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 7/17/2012 | $50,000 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 7/24/2012 | $50,000 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 7/30/2012 | $308,941 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 8/24/2012 | $293,013 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 9/14/2012 | $182,756 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 9/18/2012 | $319,196 |
| ALIXPARTNERS LLP<br>2000 TOWN CENTER, #2400<br>SOUTHFIELD, MI 48075-1250 | 9/25/2012 | $161,684 |
| | **TOTAL ALIXPARTNERS LLP** | **$1,465,591** |
| KIRKLAND & ELLIS LLP<br>300 NORTH LASALLE<br>CHICAGO, IL 60654 | 7/30/2012 | $200,000 |
| KIRKLAND & ELLIS LLP<br>300 NORTH LASALLE<br>CHICAGO, IL 60654 | 9/18/2012 | $350,000 |
| KIRKLAND & ELLIS LLP<br>300 NORTH LASALLE<br>CHICAGO, IL 60654 | 9/24/2012 | $150,000 |
| KIRKLAND & ELLIS LLP<br>300 NORTH LASALLE<br>CHICAGO, IL 60654 | 9/25/2012 | $363,212 |

**Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case

| Name And Address Of Payee | Date Of Payment, Name of Payer If Other Than Debtor | Amount Of Money Or Description And Value Of Property |
|---|---|---|
| | **TOTAL KIRKLAND & ELLIS LLP** | $1,063,212 |
| | **TOTAL** | $2,528,803 |

**Specific Notes**

Unless otherwise disclosed, all professional fees were paid by Metro Fuel Oil Corp. The fees listed may include fees relating to work performed in the one-year period prior to the Petition Date that is unrelated to the bankruptcy cases. The Debtors have not distinguished between fees related to restructuring matters and fees relating to other services rendered. Payments made to counsel and advisors for New York Commercial Bank under the terms of the credit agreement are not included.

**Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

| Name And Address Of Creditor | Date Of Setoff | Amount Of Setoff |
|---|---|---|
| BODKIN EXCAVATING<br>PO BOX 624<br>PATCHOGUE, NY 11771 | VARIOUS | Undetermined |
| INFINITE ENERGY CORP.<br>5TH FL<br>909 THIRD AVE<br>NEW YORK, NY 10022 | VARIOUS | Undetermined |
| NEW YORK COMMERCIAL BANK<br>615 MERRICK AVENUE<br>WESTBURY, NY 11590 | VARIOUS | Undetermined |
| | **TOTAL** | **Undetermined** |

<u>**Specific Notes**</u>

The Debtors have attempted to provide data on all known set-offs. However, in certain circumstances, a creditor may have engaged in a set-off without the Debtors' knowledge. To the extent this is the case, such setoffs are not included in the Debtors' responses to Statement Question 13.

The Debtors reserve all rights with respect to any claims pursuant to agreement or otherwise and failure to identify any specific contingent or unliquidated claim shall not be deemed a waiver of any claims, counterclaims or defenses. Nothing set forth herein shall be deemed an admission of liability with respect to any agreement or validity thereof and the Debtors reserve all rights, claims and defenses.

# Organizational Chart of Metro Fuel Oil Corp. and its Debtor Affiliates

**Credit Agreement**
- *Revolver*: $31.8 million outstanding
  - Collateral: All personal property of Borrowers, Apollo Transport and Metro Energy (includes accounts receivable, inventory and intangibles)
- *First Mortgage Loan*: $4.2 million outstanding
  - Collateral: First mortgage on Lot 14 (value ~ $40 million)
- *Term Note*: $12.2 million outstanding
  - Collateral: Second mortgage on Lot 14
- *Guaranty*: Paul and Gene Pullo have provided an unsecured guaranty of the obligations under the Credit Agreement

**Project Financing – Biodiesel Facility**
- *IDA Bonds*: $9.1 million outstanding
  - Collateral: first mortgage on Biodiesel Facility
  - Guaranty: Metro Fuel, Metro Terminals, Metro Biofuels and Paul and Gene Pullo have provided an unsecured guaranty of the IDA Bonds
- *SeedCo Promissory Note*: $1.4 million outstanding

| **Debtor Ownership** | |
|---|---|
| **Metro Fuel Oil Corp.:** | Paul Pullo – 46% |
| | Gene Pullo – 46% |
| | Paul Pullo, Sr. – 8% |
| **Metro Plumbing Services Corp.:** | Paul Pullo – 50% |
| | John Jellen – 50% |
| **All Other Debtors:** | Paul Pullo – 50% |
| | Gene Pullo – 50% |



**Borrowers under Credit Agreement** → Metro Fuel Oil Corp. | Metro Terminals of Long Island, LLC | Metro Terminals Corp.

**Guarantors under Credit Agreement** → Apollo Petroleum Transport LLC | Kings Land Realty, Inc. | Metro Biofuels LLC | Metro Energy Group LLC | Metro Plumbing Services Corp.

**Not Parties to Credit Agreement** → Apollo Petroleum Transport Inc. | Apollo Pipeline LLC

**Books, records and financial statements**

List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor

| Name And Address | Dates Services Rendered |
|---|---|
| THOMAS TORRE<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | PRIOR TO 2010 - JULY 2012 |
| MICHAEL SCAFURA<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | PRIOR TO 2010 - PRESENT |

**Books, records and financial statements**

List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor

| Name | Address | Dates Services Rendered |
|------|---------|------------------------|
| BERDON LLP | ONE JERICHO PLAZA<br>JERICHO, NY 11753 | PRIOR TO 2010 -<br>DECEMBER 2012 |

**Books, records and financial statements**

List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.

| Name | Address |
| --- | --- |
| GENE V. PULLO | 500 KINGSLAND AVE<br>BROOKLYN, NY 11222 |
| PAUL J. PULLO | 500 KINGSLAND AVE<br>BROOKLYN, NY 11222 |
| MICHAEL SCAFURA | 500 KINGSLAND AVE<br>BROOKLYN, NY 11222 |

**Books, records and financial statements**

List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

| Name And Address | Date Issued |
| --- | --- |
| VALLEY NATIONAL BANK<br>1455 VALLEY ROAD<br>WAYNE, NJ 07470 | JANUARY 2012 |
| CATHAY BANK<br>40-14 MAIN STREET<br>FLUSHING, NY  11354 | JANUARY 2012 |
| NEW YORK COMMUNITY BANCORP, INC.<br>615 MERRICK AVENUE<br>WESTBURY, NY 11590 | JANUARY 2012 |
| PEOPLE'S UNITED BUSINESS CAPITAL (PEOPLE'S UNITED<br>BANK)<br>850 MAIN STREET<br>BRIDGEPORT, CT 06604 | JANUARY 2012 |

<u>**Specific Notes**</u>

The Debtor may have provided financial statement information to various parties in accordance with credit application requirements.  These parties have not been included in Attachment 19d.

**Inventories**

List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date Of Inventory | Inventory Supervisor | Volume Of Inventory |
|---|---|---|
| 9/26/2012 | MANUG AYDIN | 313,724  GALLONS |
| 9/25/2012 | MANUG AYDIN | 313,429  GALLONS |

**Specific Notes**

The Debtor measures inventory, using tank gauges, on a daily basis in the ordinary course of business.

Inventory volume listed may include third party product held in the Debtors' tanks in accordance with throughput agreements.

**Inventories**

List the name and address of the person having possession of the records of each of the inventories reported in a., above

| Date Of Inventory | Name And Addresses Of Custodian Of Inventory Records |
|---|---|
| 9/26/2012 | MANUG AYDIN<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 |
| 9/25/2012 | MANUG AYDIN<br>500 N. KINGSLAND AVE.<br>BROOKLYN, NY 11222 |

**Current Partners, Officers, Directors and Shareholders**

If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| Name And Address | Title | Nature Of Stock Ownership | Percentage |
|---|---|---|---|
| ANTHONY VALENTE<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | VICE PRESIDENT AND GENERAL COUNSEL | NONE | 0.00% |
| DAVID JOHNSTON<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | CHIEF RESTRUCTURING OFFICER | NONE | 0.00% |
| GENE PULLO<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | VICE PRESIDENT | EQUITY | 46.00% |
| PAUL PULLO<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | PRESIDENT | EQUITY | 46.00% |
| PAUL PULLO SR.<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | MEMBER | EQUITY | 8.00% |
| THOMAS STUDEBAKER<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | CHIEF FINANCIAL OFFICER | NONE | 0.00% |

**Former partners, officers, directors and shareholders**

If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case

| Name And Address | Title | Date Of Termination |
|---|---|---|
| THOMAS TORRE<br>500 KINGSLAND AVE<br>BROOKLYN, NY 11222 | CHIEF FINANCIAL OFFICER | July 2012 |

**Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case

| Name Of Parent Corporation | Taxpayer-Identification Number (EIN) |
| --- | --- |
| METRO FUEL OIL CORPORATION | 11-2658894 |

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

**Date:** _____October 15, 2012_____          **Signature:**  /s/ Thomas Studebaker _____

Thomas Studebaker, Chief Financial Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| METRO FUEL OIL CORP., *et al.*,[1] | Case Nos. 12-46913 (ESS) |
| | 12-46914 (ESS) |
| | 12-46915 (ESS) |
| | 12-46916 (ESS) |
| | 12-49617 (ESS) |
| | 12-46918 (ESS) |
| | 12-46919 (ESS) |
| | 12-46920 (ESS) |
| | 12-46921 (ESS) |
| | 12-46922 (ESS) |
| Debtors. | Jointly Administered |

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-1(b)

Metro Fuel Oil Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), swears as follows:

1. On September 27, 2012 the ("***Petition Date***"), as set forth in the chart below, each of the Debtors commenced their respective chapter 11 case:

| | |
|---|---|
| Metro Fuel Oil Corp. | Case No. 12-46913 (ESS) |
| Metro Terminals Corp. | Case No. 12-46914 (ESS) |
| Metro Terminals of Long Island, LLC | Case No. 12-46915 (ESS) |
| Metro Biofuels LLC | Case No. 12-46916 (ESS) |
| Metro Energy Group LLC | Case No. 12-46917 (ESS) |
| Metro Plumbing Services Corp. | Case No. 12-46918 (ESS) |
| Apollo Petroleum Transport LLC | Case No. 12-46919 (ESS) |
| Kings Land Realty Inc. | Case No. 12-46920 (ESS) |
| Apollo Pipeline LLC | Case No. 12-46921 (ESS) |
| Apollo Petroleum Transport Inc. | Case No. 12-46922 (ESS) |

---

[1] The Debtors are Metro Fuel Oil Corp., Apollo Petroleum Transport, Inc., Apollo Petroleum Transport, LLC, Apollo Pipeline, LLC, Kings Land Realty, Inc., Metro Biofuels, LLC, Metro Energy Group LLC, Metro Plumbing Services Corp., Metro Terminals Corp. and Metro Terminals of Long Island, LLC.

2. The Debtors did not file any Schedules on the Petition Date and are each filing Schedules contemporaneously herewith.

3. Pursuant to the *Order Authorizing the Debtors to (I) Prepare a List of Creditors in Lieu of a Formatted Mailing Matrix, (II) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors and (III) Mail Initial Notices* [Docket No. 83] (the "***Order***") the Debtors were, among other things, authorized to make available a single, consolidated list of all of the Debtors' creditors in electronic form (the "***Creditor List***") in lieu of submitting a formatted mailing matrix.

4. The Debtors will continue to maintain and update the Creditor List in accordance with the terms of the Order.

Dated:  October 16, 2012

_____
Debtors' Authorized Representative

Sworn to me before this 16th
day of October, 2012

_____
Notary Public. State of New York

ANTHONY F. VALENTE
Notary Public, State of New York
No. 02VA6156912
Qualified in Kings County
Commission Expires 12/04/2014

13269228