Presentment Date and Time:  November 18, 2013 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  November 18, 2013 at 11:30 a.m. (Prevailing Eastern Time)
Hearing Date and Time (if necessary):  To be determined (as necessary)

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:	(212) 446-4800<br>Facsimile:	(212) 446-4900<br>Christopher J. Marcus<br>Nicole L. Greenblatt<br><br>*Counsel to the Debtors<br>  and Debtors in Possession* | **CURTIS, MALLET-PREVOST,<br>  COLT & MOSLE LLP**<br>101 Park Avenue<br>New York, New York  10178-0061<br>Telephone:	(212) 696-6000<br>Facsimile:	(212) 697-1559<br>Steven J. Reisman<br>Michael A. Cohen<br>Cindi M. Giglio<br><br>*Co-Counsel to the Debtors<br>  and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re:	:	Chapter 11
	:
METRO FUEL OIL CORP., *et al.*,	:	Case Nos. 12-46913 (ESS)
	:		12-46914 (ESS)
	Debtors.	:		12-46915 (ESS)
	:		12-46916 (ESS)
	:		12-46917 (ESS)
	:		12-46918 (ESS)
	:		12-46919 (ESS)
	:		12-46920 (ESS)
	:		12-46921 (ESS)
	:		12-46922 (ESS)
	:
	:	Jointly Administered
------------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING AND APPROVING THE SETTLEMENT
WITH THE INTERNAL REVENUE SERVICE AND THE
<u>NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order

(the "<u>Proposed Order</u>") to the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at

the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza

16703856

East, Courtroom 3585, Brooklyn, New York 11201-1800 (the "Bankruptcy Court"), for approval and signature on **November 18, 2013 at 12:00 noon (Prevailing Eastern Time)** (the "Presentment Date").

PLEASE TAKE FURTHER NOTICE that any objections or responses to the Proposed Order must: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York; (c) state with particularity the legal and factual basis for the objection; (d) be filed with the Bankruptcy Court before **November 18, 2013 at 11:30 a.m. (Prevailing Eastern Time)** (the "Objection Deadline") (with hard copy delivered to chambers); and (e) served on (i) the Debtors, 500 Kingsland Ave., Brooklyn, New York 11222, Attn.: Anthony Valente; (ii) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Christopher Marcus and Nicole Greenblatt; (iii) co-counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178, Attn.: Michael A. Cohen and Cindi M. Giglio; (iv) the United States Trustee for Region 2, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201, Attn.: Alicia Leonhard, William E. Curtin and Marylou Martin; (v) counsel to the Creditors' Committee, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn.: James S. Carr, Craig A. Wolfe and Jason Alderson; (vi) counsel to the Debtors' postpetition lenders, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036, Attn.: Christopher R. Mirick and David S. Forsh; (vii) counsel to the Debtors' prepetition secured lenders, Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154, Attn.: William M. Hawkins; and (viii) counsel to the New York City Industrial Development Agency, Nixon Peabody LLP, 401 Ninth Street, NW, Suite 900, Washington DC 20004, Attn.: Bruce M. Serchuk.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the Proposed Order, with proof of service, is served and filed with the Bankruptcy Court and a courtesy copy

is delivered to the Chambers of the Honorable Elizabeth S. Stong and the undersigned so as to be received by the Objection Deadline, there will not be a hearing and the Proposed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written timely objection is filed and served, a hearing to consider the Proposed Order and any objections related thereto will be held before the Honorable Judge Elizabeth S. Stong of the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201-1800, at such time as the Bankruptcy Court directs. If a hearing with respect to the Proposed Order (the "Hearing") is necessary, notice of the Hearing will be provided to the parties in interest.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Order, as well as all other documents filed in the Debtors' chapter 11 cases, may be obtained free of charge by visiting the Debtors' restructuring website at http://dm.epiq11.com/Metro or by contacting Epiq Bankruptcy Solutions, LLC at Metro Fuel Oil Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5115, New York, NY 10150-5115 or (888) 361-1741.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nyeb.uscourts.gov in accordance with the procedures and fees set therein.

Dated:  October 28, 2013
       New York, New York

Respectfully submitted,

By: */s/ Michael A. Cohen*
Steven J. Reisman
Michael A. Cohen
Cindi M. Giglio
**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Email:    sreisman@curtis.com
             macohen@curtis.com
             cgiglio@curtis.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Presentment Date and Time:** November 18, 2013 at 12:00 p.m. (Prevailing Eastern Time)
**Objection Date and Time:** November 18, 2013 at 11:30 a.m. (Prevailing Eastern Time)
**Hearing Date and Time (if necessary):** To be determined (as necessary)

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Christopher J. Marcus<br>Nicole L. Greenblatt<br><br>*Counsel to the Debtors*<br>  *and Debtors in Possession* | **CURTIS, MALLET-PREVOST,**<br>  **COLT & MOSLE LLP**<br>101 Park Avenue<br>New York, New York  10178-0061<br>Telephone:    (212) 696-6000<br>Facsimile:     (212) 697-1559<br>Steven J. Reisman<br>Michael A. Cohen<br>Cindi M. Giglio<br><br>*Co-Counsel to the Debtors*<br>  *and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------  x
In re:                                                           :   Chapter 11
                                                                 :
METRO FUEL OIL CORP., et al.,                                    :   Case Nos. 12-46913 (ESS)
                                                                 :              12-46914 (ESS)
                   Debtors.                                      :              12-46915 (ESS)
                                                                 :              12-46916 (ESS)
                                                                 :              12-46917 (ESS)
                                                                 :              12-46918 (ESS)
                                                                 :              12-46919 (ESS)
                                                                 :              12-46920 (ESS)
                                                                 :              12-46921 (ESS)
                                                                 :              12-46922 (ESS)
                                                                 :
                                                                 :   Jointly Administered
---------------------------------------------------------------  x
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING AND APPROVING THE SETTLEMENT
WITH THE INTERNAL REVENUE SERVICE AND THE
<u>NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY</u>**

The debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned Chapter 11 bankruptcy cases (collectively, the "<u>Chapter 11 Cases</u>") hereby move (this "<u>Motion</u>") for entry of an order, substantially in the form annexed hereto as **"<u>Exhibit 1</u>"**, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>")

16703856

authorizing and approving the settlement substantially as set forth in the draft form of the closing agreement for final determination covering specific matters (the "Settlement Agreement") with the Internal Revenue Service (the "IRS") and the New York City Industrial Development Agency (the "IDA"). A copy of the Settlement Agreement is annexed hereto as "**Exhibit 2**." In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

4. The Debtors were a family-owned energy company, founded in 1942, that supplied and delivered bioheat, biodiesel, heating oil, central air conditioning units, ultra low sulfur diesel fuel, natural gas and gasoline throughout the New York City metropolitan area and Long Island. Through strategically placed terminals and storage facilities located in Greenpoint, Brooklyn and Calverton, Long Island, as well as a fleet of 55 transport trucks, the Debtors served the fuel needs of their commercial and residential customers, including New York City agencies, schools, hospitals, buses and housing developments.

5. On September 27, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York (the "Court") for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.     The Chapter 11 Cases are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). No trustee or examiner has been appointed in the Chapter 11 Cases.

8.     On October 4, 2012, the United States Trustee for the Eastern District of New York appointed the official committee of unsecured creditors and issued the *Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 53].

9.     A detailed description of the Debtors and their businesses is set forth in greater detail in the *Declaration of David Johnston, Chief Restructuring Officer of the Debtors in Support of First Day Pleadings*, filed on the Petition Date. [Docket No. 8].

10.    During the pendency of these cases, the Debtors completed a sale of substantially all of their assets and their accounts receivable. *See Order Authorizing (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; (B) the Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement; and (C) the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 381]; *Order Authorizing (A) The Sale of the Debtors' Accounts Receivable Free and Clear of All Liens, Claims, Interests and Encumbrances and (B) The Debtors to Enter Into and Perform Their Obligations Under the Accounts Receivable Purchase Agreement* [Docket No. 417].

## THE IDA BONDS

11.    Prior to the Petition Date, the project financing for the Debtors' biodiesel facility consisted of, among other financing, two series of industrial development revenue bonds issued by the IDA to U.S. Bank National Association (the "<u>IDA Trustee</u>"), as Trustee (collectively, the "<u>IDA Bonds</u>").

12.    As of the Petition Date, the IDA Bonds had aggregate outstanding principal and accrued interest of $9.1 million, secured by a first priority mortgage and liens on the land and

equipment related to the biodiesel plant. The IDA Bonds are guaranteed by the entities formerly known as Metro Fuel Oil Corp. ("Metro Fuel"), Metro Terminals Corp. ("Metro Terminals"), Metro Biofuels LLC ("Metro Biofuels") and Paul Pullo and Gene Pullo.

13. During the pendency of these Chapter 11 Cases, a dispute arose with the IRS as to whether the interest on the IDA Bonds was taxable. The Debtors argued that the IDA Bonds were tax free, while the IRS argued that the IDA Bonds were taxable.

14. Pursuant to the terms of the indenture governing the IDA Bonds, the IDA Trustee asserts that an adverse ruling for the Debtors on this issue would result in the secured claim related to the IDA Bonds being increased by approximately $3 million.

## THE SETTLEMENT AGREEMENT

15. Due to the uncertainty of litigation with the IRS with respect to whether the IDA Bonds and the detrimental economic impact of an adverse ruling, the Debtors, the IDA Trustee, the IDA and the IRS entered into good faith arms' length negotiations regarding a potential settlement. The extensive negotiations resulted in the parties entering into the Settlement Agreement.

16. The salient terms of the Settlement Agreement are as follows:[1]

(a) Prior to the execution and delivery of the Settlement Agreement, Metro Terminals, on behalf of the IDA, shall cause the IRS to be paid the sum of $10,450 (the "Settlement Payment");

(b) All interest paid on the IDA Bonds after September 27, 2012, regardless of when accrued, shall be taxable income of the beneficial bondholders of the IDA Bonds and reported as such by the payor; and

(c) Interest paid on the IDA Bonds from February 1, 2008 to September 12, 2012 is excludable from gross income under section 103 of the Internal Revenue Code.

17. Additionally, as part of the negotiations, the Debtors agreed to pay the reasonable fees of the IDA's counsel related to the Settlement Agreement (the "IDA Counsel Fees").

---

[1] To the extent there is any inconsistency between this summary and the Settlement Agreement, the Settlement

16703856         4

**RELIEF REQUESTED**

18. By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 9019 authorizing the Debtors to compromise and settle the dispute as to the taxable nature of the interest paid on the IDA Bonds on the terms set forth in the Settlement Agreement.

**BASIS FOR RELIEF**

19. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. R. 9019(a). Rule 9019(a) empowers bankruptcy courts to approve settlements if they are "fair and equitable, and in the best interest of the [debtor's] estate." *In re Best Products*, 165 B.R. 38, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted); *see also In re Refco Inc.*, 505 F.3d 109, 119 (2d Cir. 2007) ("a bankruptcy court's obligation is to determine whether a settlement is in the best interests of the estate"), *citing In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (bankruptcy court may approve settlements "if they are in the best interests of the estate"). The settlement need not result in the best possible outcome for the debtor, but must not "fall[] below the lowest point in the range of reasonableness from the perspective of the bankruptcy estate." *In re Hilsen*, 404 B.R. 58, 69-72 (Bankr. E.D.N.Y. 2009), *citing Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).

20. Compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*quoting Case v. Los Angeles Lumber Prods. Co*., 308 U.S. 106, 130 (1939)). The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *See In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641 (Bankr. S.D.N.Y. 2012). Discretion may be exercised by the court "in light of the general public policy favoring settlements." *Id.*, *citing In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

---

Agreement controls.

21. The Second Circuit directs that the following facts are to be considered in determining whether a settlement should be approved: "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, 'with its attendant expense, inconvenience, and delay,' including the difficulty in collecting on the judgment; (3) 'the paramount interests of the creditors,' including each affected class's relative benefits 'and the degree to which creditors either do not object to or affirmatively support the proposed settlement'; (4) whether other parties in interest support the settlement; (5) the 'competency and experience of counsel' supporting, and '[t]he experience and knowledge of the bankruptcy court judge' reviewing, the settlement; (6) 'the nature and breadth of releases to be obtained by officers and directors'; and (7) 'the extent to which the settlement is the product of arm's length bargaining.'" *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007), *quoting In re Worldcom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *see also TMT Trailer Ferry, Inc.*, 390 U.S. at 424; *In re Drexel Burnham*, 960 F.2d 285, 292 (2d Cir. 1992).

22. While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *TMT Trailer Ferry*, 390 U.S. at 424-25, a "[c]ourt need not decide the numerous issues of law and fact raised by a compromise or settlement[.]" *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 640-41 (Bankr. S.D.N.Y. 2012). The Court need not "conduct a 'mini-trial' " but rather "only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) *quoting In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.1983).

23. The Settlement Agreement is the product of good-faith, arm's-length negotiations between the Debtors, the IRS and the IDA. It resolves the dispute as to the taxable nature of the interest on the IDA Bonds in a manner favorable to the Debtors and their estates. Additionally,

the Settlement Agreement avoids the uncertainty involved in any litigation. Moreover, the secured creditors have consented to the payment of the amounts due under the Settlement Agreement from the proceeds of the sale of substantially all of the Debtors' assets.

24. As such, the Debtors request that the Court approve the Debtors' entry into the Settlement Agreement.

## NOTICE

25. Notice of this Motion will be provided to the following parties: (a) the Debtors; (b) the United States Trustee for Region 2; (c) counsel to the Creditors' Committee; (d) counsel to the Debtors' postpetition lenders; (e) counsel to the Debtors' prepetition secured lenders; (f) counsel to the IDA; and (g) all parties that have requested notice in the Chapter 11 Cases pursuant to Federal Rule of Bankruptcy Procedure 2002.

## NO PRIOR RELIEF

26. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as "**Exhibit 1**," authorizing the entry into the Settlement Agreement and granting such other and further relief as the Court may deem just and proper.

Dated: October 28, 2013
       New York, New York

Respectfully submitted,

By: */s/ Michael A. Cohen*
Steven J. Reisman
Michael A. Cohen
Cindi M. Giglio
**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Email:    sreisman@curtis.com
             macohen@curtis.com
             cgiglio@curtis.com

*Co-Counsel to the Debtors and Debtors in Possession*

# **Exhibit 1**

(Proposed Order)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                              : Chapter 11
                                                    :
METRO FUEL OIL CORP., *et al.*,                     : Case Nos. 12-46913 (ESS)
                                                    :           12-46914 (ESS)
                    Debtors.                        :           12-46915 (ESS)
                                                    :           12-46916 (ESS)
                                                    :           12-46917 (ESS)
                                                    :           12-46918 (ESS)
                                                    :           12-46919 (ESS)
                                                    :           12-46920 (ESS)
                                                    :           12-46921 (ESS)
                                                    :           12-46922 (ESS)
                                                    :
                                                    : Jointly Administered
------------------------------------------------------------ x

ORDER PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING AND APPROVING THE SETTLEMENT
WITH THE INTERNAL REVENUE SERVICE AND THE
NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY

THIS MATTER is before the Court on the motion (the "Motion")[1] [Docket. No. ____], dated September__, 2013 of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 bankruptcy cases, for entry of an order authorizing and approving the settlement agreement with the Internal Revenue Service and the New York Industrial Development Agency; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that notice of this Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and that no other or

16703856

further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED:

1. The Motion and the Settlement Agreement and its terms are approved in their entirety.

2. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Settlement Agreement.

3. The Settlement Agreement may be modified, amended or supplemented by agreement among the Debtors, the IRS and the IDA without further action of the Court, provided that any such modification, amendment or supplement is not material and substantially conforms to and effectuates the Settlement Agreement.

4. The Settlement Payment and the IDA Counsel Fees shall be paid from the proceeds of the sale of substantially all of the assets of the Debtors.

5. To the extent that any objections to the Motion have not been withdrawn or resolved prior to the entry of this Order, all such objections are hereby overruled.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; provided however, that in the event the Court abstains from exercising or declines to exercise jurisdiction with respect to any matter referred to in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

# **Exhibit 2**

(Settlement Agreement)

<u>**DRAFT COPY ONLY**</u>
**CLOSING AGREEMENT ON FINAL DETERMINATION
COVERING SPECIFIC MATTERS**

---

Under section 7121 of the Internal Revenue Code of 1986, as amended (the "Code"), New York City Industrial Development Agency, EIN 13-2906040, (the "Issuer"), Metro Terminals Corporation, EIN 11-2812832, (the "Borrower"), and the Commissioner of Internal Revenue (the "Service") make this closing agreement (the "Agreement").

WHEREAS, the parties have determined the following facts and made the following legal conclusions and representations:

A. This Agreement is in settlement of issues raised in an examination of the New York City Industrial Development Agency $1,545,000 Industrial Development Revenue Bond (Metro Biofuels LLC Project), Series 2007A and $8,405,000 Industrial Development Revenue Bond (Metro Biofuels LLC Project), Series 2007B (Collectively the "Bonds"), dated and issued on December 31, 2007.

B. The Service has conducted an examination of the Bonds and concluded that the Bonds fail to meet the requirements of section 103 of the Code because the Borrower incurred more than $20,000,000 in capital expenditures for the Project in violation of section 144(a)(4)(A)(i) of the Code.

C. The Service has not formally asserted any claims against the Issuer, or sought to tax any holders of the Bonds on interest income on the Bonds.

D. The Issuer, the Borrower and the Service desire to resolve the issue raised during the examination of the Bonds and identified in Paragraph B.

E. The terms of this Agreement were arrived at by negotiation between the Issuer, the Borrower and the Service, and may differ from the terms of settlement of other bond issues examined or to be examined by the Service.

NOW, IT IS HEREBY DETERMINED AND AGREED PURSUANT TO THIS CLOSING AGREEMENT EXECUTED BY THE PARTIES HERETO UNDER CODE SECTION 7121, THAT FOR FEDERAL INCOME TAX PURPOSES:

1. Prior to the execution and delivery of this Agreement, the Borrower, on behalf of the Issuer, shall cause to be electronically paid the sum of $10,450.00 (Ten Thousand, Four Hundred Fifty Dollars and Zero Cents) (the "Settlement Amount") to the Service via the Electronic Federal Tax Payment System and in accordance with the directions contained in Exhibit A of this Agreement. Payment of the Settlement Amount shall not be made from proceeds of bonds described in section 103(a) of the Code.

2. All interest paid on the Bonds after September 27, 2012, regardless of when due or accrued, shall be taxable income of the beneficial bondholders and reported as such by the payor.

CLOSING AGREEMENT between New York City Industrial Development Agency (EIN 13-2906040), Metro Terminals Corporation (EIN 11-2812832) and the Commissioner of Internal Revenue

3. The Settlement Amount paid by the Borrower on behalf of the Issuer pursuant to this Agreement is not refundable or subject to credit or offset under any circumstance.

4. The Settlement Amount described in Paragraph 1 of this Agreement shall not be deductible for federal income tax purposes by the Borrower or any related party of the Borrower.

5. This Agreement is executed with respect to the taxability of interest paid on the Bonds.

6. Interest paid on the Bonds from February 1, 2008 to September 27, 2012 is excludable from gross income under section 103 of the Code.

7. The Service may take any appropriate action with respect to the taxability of interest paid on the Bonds after September 27, 2012.

8. This Agreement may not be cited or relied upon by any person or entity whatsoever as precedent in the disposition of any other case.

9. Except with respect to any interest paid on the Bonds after September 27, 2012, no income shall be recognized by the Issuer, the Borrower, any Bondholder or any other person as a result of the matters described in this Agreement or any payments made pursuant to this Agreement.

10. For purposes of any refunding of the Bonds outstanding as of September 27, 2012, gross proceeds of the Bonds are unspent proceeds (i.e., not allocated to any expenditure under section 1.148-6(d) of the Treasury Regulations).

11. This Agreement is final and conclusive, except that:

    a) The matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of a material fact;

    b) It is subject to sections of the Code that expressly provide that effect be given to their provisions (including any stated exceptions for section 7122) notwithstanding any other law or rule of law; and

    c) If it relates to a tax period ending after the effective date of this Agreement, it is subject to any law enacted after the Agreement date that applies to that tax period.

CLOSING AGREEMENT between New York City Industrial Development Agency (EIN 13-2906040), Metro Terminals Corporation (EIN 11-2812832) and the Commissioner of Internal Revenue

By signing, the above parties certify that they have read and agreed to the terms of this Agreement.

**ISSUER:** New York City Industrial Development Agency

EIN: 13-2906040

BY: _____
SIGNATURE

_____
NAME (PLEASE PRINT)

_____
TITLE

_____
DATE

**CONDUIT BORROWER: Metro Terminals Corporation**

EIN: 11-2812832

BY: _____
SIGNATURE

_____
NAME (PLEASE PRINT)

_____
TITLE

_____
DATE

**COMMISSIONER OF INTERNAL REVENUE:**

BY: _____
SIGNATURE

REBECCA L. HARRIGAL
DIRECTOR, TAX EXEMPT BONDS
_____
NAME AND TITLE

_____
DATE

Page 3 of 4